IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LARRY FITZPATRICK, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:07-CV-528-WHA |
| | ) | |
| CITY OF MONTGOMERY, ALABAMA, | ) | JURY TRIAL REQUESTED |
| Defendant. | ) | Date: June 14, 2007 |

## COMPLAINT

COMES NOW the Plaintiff, Larry Fitzpatrick (hereinafter Mr. Fitzpatrick) and presents his Complaint of race and retaliation discrimination against Defendant City of Montgomery Alabama (hereinafter "Defendant" or "Defendant Montgomery.") Mr. Fitzpatrick presents, as justification for his Complaint, the following:

### I. JURISDICTION

1. This Court has original jurisdiction of this cause of action pursuant to 28 U.S.C. §§1331, 2201, and 2202 as an action arising under the Act of Congress known as Title VII of the *Civil Rights Act of 1964*, (42 U.S.C. §2000e, *et. seq.*), and the *1991 Civil Rights Act*, 42 U.S.C. §§1981 and 1981a, to obtain legal and equitable relief, the costs of suit, including, but not limited to, reasonable attorney's fees, and awards of back pay, compensatory damages and punitive damages suffered by Mr. Fitzpatrick, and caused by Defendant's discrimination against Mr. Fitzpatrick due to his race (African American), and unlawful retaliation due to Mr. Fitzpatrick's filing charges of discrimination with the Equal Employment Opportunity Commission.

### II. VENUE

2. Venue is proper in the United States District Court for the Middle District of

Alabama, Northern Division, pursuant to 28 U.S.C. §1391, because the events giving rise to the claim occurred in Montgomery County, Alabama. Further, the Defendant is a municipal corporation in, has offices in and conducts business in Montgomery County, Alabama, which is in the Middle District Of Alabama, Northern Division.

### III. PARTIES

3. Mr. Fitzpatrick is a resident of Montgomery County, Alabama, and is over nineteen (19) years of age.

4. Defendant Montgomery is a municipal corporation that does business in Montgomery County, Alabama.

### IV. STATEMENT OF FACTS

5. Mr. Fitzpatrick, who is African American, was employed by the Defendant Montgomery for nearly sixteen (16) years. He served as a mechanic in the City Garage.

6. Mr. Fitzpatrick was an excellent employee of the City Garage for many years. He performed work on a variety of the City's vehicles, including police patrol cars, maintenance vans, etc.

7. A Caucasian employee, namely Johnny Smith, and Mr. Fitzpatrick developed what seemed to be personality issues after Mr. Smith was first hired.

8. Mr. Smith and Mr. Fitzpatrick had verbal altercations both on the City Garage premises and off of the premises. On one occasion, Mr. Fitzpatrick filed a Complaint with the Montgomery Police Department against Mr. Smith for making a verbal threat.

9. Mr. Fitzpatrick was called in and counseled about the verbal altercations he had with Mr. Smith. He was ordered to provide a copy of the Complaint he filed with the Montgomery Police Department.

10. Mr. Fitzpatrick was disciplined for the verbal altercation with Mr. Smith and for filing the Police complaint. He was also ordered to take a drug test and forced to seek psychological counseling. Mr. Smith, who is Caucasian, was not ordered to seek psychological counseling.

11. Mr. Fitzpatrick filed a Complaint with the Equal Employment Opportunity Commission, on November 12, 2004, alleging that he suffered race discrimination and retaliation because he was forced to take a drug test, undergo a psychological evaluation and attend anger management, while Caucasian Mr. Smith did not have to undergo a psychological evaluation or attend anger management.

12. During the investigation of Mr. Fitzpatrick's EEOC Complaint, the parties met and entered into a Negotiated Settlement Agreement. Said agreement was signed January 26, 2005.

13. On or about June 1, 2005, Mr. Fitzpatrick's supervisor, Terry Gaddis, received notice that Mr. Fitzpatrick would have a disciplinary hearing and that he was being charged with insubordination, and two incidents of maintenance negligence. The alleged insubordination and two incidents occurred prior to the settlement agreement.

14. The disciplinary hearing was dismissed on June 6, 2005, but Mr. Fitzpatrick responded in writing to the charges. After his response, no further action was taken against him on these charges.

15. Mr. Fitzpatrick is aware that Caucasian employee, Johnny Smith, has had maintenance infractions that were as serious as, or worse than, the infractions alleged against Mr. Fitzpatrick, yet no disciplinary action was taken against employee Smith.

16. On November 7, 2005, Mr. Fitzpatrick received notice of another disciplinary

3

hearing. This hearing notice alleged the same two 2004 incidents of maintenance negligence and added a third incident that was alleged to have occurred October 17, 2005.

17. Mr. Fitzpatrick responded in writing to said allegations and was given a hearing on or about February 1, 2006. In the hearing Mr. Fitzpatrick presented credible evidence, through the testimonies of expert mechanics, that the allegations against him could not have occurred as charged.

18. Nonetheless, the hearing officer presented a recommendation to the mayor of the City of Montgomery that Mr. Fitzpatrick's employment be terminated.

19. Mr. Fitzpatrick has filed complaints with the Equal Employment Opportunity Commission regarding Defendant's race discrimination and retaliation and received his Notice of Right to Sue Within 90 Days on March 20, 2007. Mr. Fitzpatrick has therefore exhausted his administrative remedies in this case.

### V. COUNT I - RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE 1964 CIVIL RIGHTS ACT, 42 U.S. CODE §§ 1981, 1981a, and 2000(e)

20. Mr. Fitzpatrick, repeats, re-alleges and incorporates paragraphs 1-19 of this Complaint, as if fully stated herein and further alleges the following:

21. Mr. Fitzpatrick, an African-American male, was qualified as a mechanic for the City of Montgomery.

22. Defendant Montgomery's agents made allegations of maintenance malpractice against Mr. Fitzpatrick that were not true or accurate.

23. A similarly situated Caucasian employee had committed the same or similar infractions.

24. Mr. Fitzpatrick was disciplined more severely than a similarly situated

Caucasian employee, for the same or similar offenses.

25. Any reason asserted by Defendant Montgomery will be shown to be pretextual.

26. As a direct and proximate result of Defendant Montgomery's race discrimination, Mr. Fitzpatrick has been made to suffer loss of his job, loss of compensation, loss of work related benefits, as well as mental and emotional damages.

### PRAYER FOR RELIEF

Wherefore, premises considered, the Mr. Larry Fitzpatrick, respectfully prays that this Court grant the following relief:

    a.    Declare that Defendant committed acts of discrimination against Mr. Fitzpatrick due to his African-American race.

    b.    Require the Defendant to reimburse the Mr. Fitzpatrick the salary and other work benefits he was wrongfully denied between the date he was forced to stop working until the date of judgment.

    c.    Award compensatory damages as may be just and proper under the circumstances of this case.

    d.    Award special damages for medical expenses.

    e.    Award attorney fees.

    f.    Award punitive damages, if appropriate, for Defendant Montgomery's willful and wanton discrimination against Mr. Fitzpatrick.

    g.    Award court costs and such other and different relief as this Court may deem just and proper.

### VI. COUNT II - RETALIATION DISCRIMINATION IN VIOLATION OF 42 U.S. CODE §2000(e)(3)

27. The Mr. Fitzpatrick repeats, re-alleges and incorporates paragraphs 1 - 26 of this Complaint, as if fully stated herein, and further alleges the following:

28. Mr. Fitzpatrick filed a complaint of race discrimination and retaliation with the Equal Employment Opportunity Commission against Defendant Montgomery on November 12, 2004.

29. Following the filing of Mr. Fitzpatrick's EEOC complaint, Defendant Montgomery has taken actions against Mr. Fitzpatrick, including but not limited to, making false allegations of maintenance malpractice against Mr. Fitzpatrick, leading up to the wrongful termination of Mr. Fitzpatrick's employment.

30. The actions taken by Defendant Montgomery's agents against Mr. Fitzpatrick were in retaliation for Mr. Fitzpatrick's EEOC complaint.

31. As a direct and proximate result of Defendant Montgomery's retaliation discrimination, Mr. Fitzpatrick has been made to suffer disciplinary actions, loss of compensation, loss of work related benefits, and mental and emotional damages.

## **PRAYER FOR RELIEF**

Wherefore, premises considered, Mr. Larry Fitzpatrick respectfully prays that this Court grant the following relief:

a. A judgment declaring that the Defendant intentionally and willfully discriminated against Mr. Fitzpatrick in retaliation for exercising his right to file an EEO Complaint.

b. A judgment for compensatory and punitive damages against the Defendant in such an amount as may be determined to be just and appropriate according to the facts and the laws of this case to which the Mr. Fitzpatrick may be entitled.

c. An award of all court costs and reasonable attorney fees, including those incurred in seeking administrative relief.

d. Such further other and different relief as the Court may deem appropriate and necessary according to the facts and the laws of this case.

I hereby certify that I have read the foregoing and that it is true and accurate in every respect.

*[signature]*
Larry G. Fitzpatrick
Plaintiff

Respectfully submitted on this the 14th day of June, 2007.

*[signature]*
Joseph C. Guillot (GUI011)
Attorney for Plaintiff

Attorney for Plaintiff
**OF COUNSEL:**
**McPhillips, Shinbaum & Gill, L.L.P.**
516 South Perry Street
Montgomery, Alabama 36104
(334) 262-1911
(334) 263-2321 - Fax

### JURY DEMAND

Mr. Fitzpatrick hereby demands a trial by Jury on all issues so triable.

*[signature]*
Of Counsel