**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| LARRY FITZPATRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  2:07cv528-WHA |
| | ) | (WO) |
| | ) | |
| CITY OF MONTGOMERY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This case is before the court on a Motion for Summary Judgment (Doc. #16) filed by the Defendant, the City of Montgomery, on April 2, 2008.

The Plaintiff, Larry Fitzpatrick, filed a Complaint in this case bringing claims of race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981.

The Defendant moved for summary judgment as to the Plaintiff's claims, supporting its motion with a single affidavit and accompanying documentary exhibits.  The Plaintiff responded to the motion, citing to voluminous exhibits.  Although the Defendant was given an opportunity, by Order of the court, to file a reply, the court has not received a reply.

For the reasons to be discussed, the Motion for Summary Judgment is due to be DENIED.

### II.  SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no

genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The summary judgment rule is to be applied in employment discrimination cases as in any other case. *Chapman v. A1 Transport*, 229 F.3d 1012, 1026 (11th Cir. 2000)(*en banc*).

### III. FACTS

The submissions of the parties establish the following facts, construed in a light most favorable to the non-movant:

The Plaintiff, Larry Fitzpatrick ("Fitzpatrick"), was employed by the City of Montgomery ("the City") for fifteen years. The last six of those years he was employed as a mechanic in the City garage.

In 2004, Fitzpatrick filed a charge of discrimination with the EEOC. As a result of EEOC-conducted mediation, the parties reached a settlement agreement on January 26, 2005.[1] In June 2005, Fitzpatrick was notified that he would be disciplined based on three issues. He filed an EEOC charge in August 2005. In January 2006, he received another notice of recommended disciplinary action. He was informed that he was going to be disciplined for a failure to properly install a hat seal in a gas tank of a police vehicle in November 2004, failure to secure lug bolts on a wheel in December 2004, and failing to secure bolts holding brake calipers on a police vehicle in October 2005.

In February 2006, Fitzpatrick was recommended for dismissal by his department head. He appealed his dismissal. Hearings were held during which Fitzpatrick presented evidence to

---

[1] While Fitzpatrick has pointed to the existence of a previous settlement agreement, there is no claim for breach of that agreement asserted in this case.

demonstrate that the repairs could not have been performed in the improper manner he was alleged to have performed them. He alleged that someone had tampered with his work. His dismissal was upheld by the Mayor's office and the Montgomery City County Personnel Board.

In this case, Fitzpatrick contends that a white employee named Johnny Ray Smith was treated differently when he improperly performed repairs of City vehicles.

## IV. DISCUSSION

A plaintiff asserting a claim of disparate treatment in employment may attempt to prove that claim through either direct or circumstantial evidence of discrimination. *Wilson v. B/E Aerospace, Inc.,* 376 F.3d 1079, 1085 (11th Cir. 2004). Fitzpatrick seeks to prove intentional discrimination on the basis of race and retaliation under Title VII and §1981 by using circumstantial evidence of intent. Therefore, the court applies the framework first set out by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Under the *McDonnell Douglas* framework, the plaintiff must first establish a prima facie case. *McDonnell Douglas*, 411 U.S. at 802. After the plaintiff has established a prima facie case, the burden of production is placed upon the employer to articulate a legitimate nondiscriminatory reason for its employment action. *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981). The plaintiff may seek to demonstrate that the proffered reason was not the true reason for the employment decision "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Id.* at 256; *Combs v. Plantation Patterns*, 106 F.3d 1519, 1528 (11th Cir. 1997). A plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier

of fact to conclude that the employer unlawfully discriminated or retaliated against the employee. *Reeves v. Sanderson Plumbing Prods, Inc.*, 530 U.S. 133, 147 (2000).

## A.  Race Discrimination

To establish a prima facie case of racial discrimination, Fitzpatrick must show that (1) he is a member of a protected class, (2) he was qualified for the position, (3) he suffered an adverse employment action, and (4) he was replaced by a person outside his protected class or was treated less favorably than a similarly-situated individual outside the protected class. *See Maynard v. Board of Regents of Div. of Univs. of Fla. Dept. of Educ. ex rel. Univ. of S. Fla.,* 342 F.3d 1281, 1289 (11th Cir. 2003).

The City concedes for purposes of the Motion for Summary Judgment that Fitzpatrick meets the first three elements of the prima facie case, but states that he cannot prove the fourth element because the comparator pointed to by Fitzpatrick in his complaint is not similarly situated.

The City states that the comparator, Johnny Ray Smith ("Smith") was required to go to counseling just as Fitzpatrick was, citing to a letter which directs Smith to attend counseling. *See* Def. Ex. 23.  The City also states that Fitzpatrick created significant safety hazards in failing to properly install parts, whereas Smith never failed to install a part correctly or to install a part at all, and has never been found to have performed his work in a way that a safety hazard was created.  The City cites no evidence to support this assertion, so the court will evaluate this as an argument by the City that the Plaintiff cannot prove that Smith negligently performed repairs or performed his work in a way that a safety hazard was created.

Fitzpatrick argues in response that Smith has made repairs which were improperly performed, and has presented evidence to support his contention.[2] According to Rodney Hardy, a mechanic also employed by the City, Smith improperly repaired the wheel on a City vehicle so that it was returned after three days for additional repair, and when it was returned, it was so hot it had to be cooled with water. Hardy Aff. at ¶ 5. Hardy states that even after that repair, the wheel was again returned. *Id.* Hardy also states that Smith performed work on a Ford Taurus owned by the City, but the vehicle was returned and when a wheel drum was removed, the brake parts fell to the floor. *Id.* at ¶ 6. Hardy also states that Smith improperly performed work on an axle so that the vehicle had to be returned and the work redone. *Id.* Similarly, City mechanics Robert Shuford and Thomas McLeod stated that when the police vehicle repaired by Fitzpatrick was returned with a missing hat seal, the vehicle was repaired by Smith, but subsequently did not run properly and "it was discovered that Mr. Smith had crimped the fuel line while making his repairs." Shuford Aff. at ¶ 10; Personnel Bd. Transcript at page 158:21-159:12. Documentary evidence indicates that Smith performed repairs on December 20, 2004, and that the vehicle was returned on December 28, 2004 due to driver complaint that the engine light was on and the vehicle would not run. *See* Plaintiff's Ex. 12.

---

[2] The court notes that at least some of statements made in affidavits relied upon by Fitzpatrick, although not objected to by the Defendant as no reply was filed, are not admissible evidence and the court will not consider that evidence in ruling on the Motion for Summary Judgment. For instance, Fitzpatrick has presented evidence in the form of affidavits by other employees of personal opinions as to the existence of race discrimination, which this court has not considered. *See Williams v. Hager Hinge Co.,* 916 F. Supp. 1163, 1168 (M.D. Ala. 1995) (stating "Bald conclusions, opinions, and hearsay without supporting specific facts are not admissible and do not create a genuine issue of material fact.").

The City's argument in its initial brief regarding any comparison between Fitzpatrick and Smith is that Smith has not performed his work in such a way to create a safety risk to City employees and the public, but that Fitzpatrick has done so repeatedly.  Because the court is without the benefit of a reply by the City to Fitzpatrick's evidence and argument, the court is left to draw reasonable inferences based only on the evidence and arguments presented.

Although the City has stated that Fitzpatrick cannot show that Smith improperly made repairs, Fitzpatrick has presented evidence which creates a question of fact as to that issue.  The nature of the repairs identified, involving improperly repaired wheels, brakes, an axle, and a fuel line, appear to be similar to the faulty repairs by Fitzpatrick, which have been stated by the City to have posed a danger to City employees and the public.  In addition, based upon the documentary evidence of the repair work involving the hat seal and subsequent fuel line repair of the police car in 2004, *see* Plaintiff's. Ex. #12, the City was at least aware the a car was returned after Smith repaired it.  It also appears from this evidence that the City's documentation for repairs includes requests for repairs and the name of the employee when repairs are made.  Therefore, it is reasonable to conclude that the City would have been aware of the faulty repairs of City vehicles by Smith testified to by Hardy as well.

Without evidence or an argument by the City to demonstrate why Fitzpatrick's evidence of Smith's alleged failed repairs is not sufficiently similar to Fitzpatrick's to meet Fitzpatrick's burden, the court must conclude that Fitzpatrick has demonstrated for purposes of the motion for summary judgment that he and Smith were similarly situated.

With regard to the question of different treatment of two similarly situated , the court has little evidence.  Fitzpatrick has stated that Smith was not required to attend counseling, but the

City has presented evidence that Smith was in fact sent to counseling. Fitzpatrick has also presented evidence, however, in the form of affidavits, that Smith was not disciplined for the faulty repairs outlined above. For instance, Hardy testified that Smith was not disciplined for the tire and brake repairs. Hardy Aff. at ¶ 5,6. Shuford states that Smith was not disciplined in any way for the improper fuel line repair. Shuford Aff. at ¶ 10. The discipline of Fitzpatrick in this case involved his firing. Although it might not be within Hardy and Shuford's personal knowledge whether no disciplinary action at all had been taken against Smith, a reasonable inference can be drawn that it would have been within their personal knowledge if Smith had been terminated from employment. Therefore, their statements that Smith was not disciplined at least establish that he was treated differently from Fitzpatrick, who was terminated from employment. Additionally, the basis for the motion for summary judgment is that the comparator employee did not engage in the same type of behavior as Fitzpatrick, but Fitzpatrick has presented adequate evidence to create a question of fact as to that issue. Therefore, the court concludes that Fitzpatrick's evidence is sufficient to establish a prima facie case of discrimination.

Fitzpatrick having established the only contested element of a prima case of discrimination in this case, the burden shifts to the City to articulate a legitimate discriminatory reason for Fitzpatrick's firing. In the Recommendation for dismissal, Terry Gaddis identified as the reasons for dismissal the brake caliper repair, the November 2004 hat-shaped seal omission, and the December 2004 failure to tighten a lug nut. Def. Ex. #9. In upholding the termination, the Mayor also identified the three improper repairs. Def. Ex. #5. Therefore, the documented reason for his dismissal is that Fitzpatrick failed to adequately perform these three repairs.

In an effort to demonstrate pretext, Fitzpatrick raises a myriad of issues, some of which are not appropriate for determination by this court.[3] The court need not address, however, all of the evidence presented by Fitzpatrick in an attempt to establish pretext because he has also presented evidence of different treatment of Smith, a person who is similarly situated and outside of Fitzpatrick's protected class. The City has stated that it could not in good conscience allow an employee to repeatedly create a safety risk. When viewed in a light most favorable to the non-movant, however, the evidence in this case demonstrates that one white employee who had a pattern of performing repairs in a way which posed safety hazards was not terminated. Evidence of different treatment of a similarly-situated person outside of the protected class can be relied upon in establishing pretext. *See Rioux v. City of Atlanta, Ga.,* 520 F.3d 1269, 1276 (11th Cir. 2008); *see also Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1088 (11th Cir.2004)("[E]vidence of pretext may include ... the same evidence offered initially to establish the prima facie case."). Accordingly, the court concludes that summary judgment is due to be DENIED as to the discrimination claims.

B.  Retaliation

To establish a prima facie case of retaliation, Fitzpatrick must demonstrate the following: (1) that he engaged in "statutorily protected expression"; (2) that there was a "subsequent adverse employment action"; and (3) that "some causal relation" exists between the protected expression and the adverse action. *See Donnellon v. Fruehauf Corp.*, 794 F.2d 598, 600-601 (11th Cir.1986). It is apparently undisputed that the City based the termination of Fitzpatrick in

---

[3] The City may wish to address the admissibility of some of Fitzpatrick's evidence in a motion in limine before trial.

part on repairs performed by Fitzpatrick prior to the settlement of his previous EEOC charge. The prima facie case, therefore, appears to be satisfied in this case.

In moving for summary judgment, although the City acknowledges that Fitzpatrick has asserted retaliation claims, the City only addresses those claims using the same analysis as the race discrimination claims. Fitzpatrick has created a question of fact as to the discrimination claims. Because the City has not set forth any other grounds for summary judgment with respect to the retaliation claims, the court concludes that a question of fact created as to the race discrimination claims also precludes summary judgment as to the retaliation claims.

## V. CONCLUSION

As explained above, Fitzpatrick has presented evidence in this case which meets the only burden placed on him by the City's Motion for Summary Judgment, namely, to present evidence that, contrary to the City's assertion, a person outside of Fitzpatrick's protected classes was not terminated even though he faultily performed repairs of a nature similar to those of Fitzpatrick. Without evidence or argument by the City as to why the court should view Fitzpatrick and his comparator differently, the Motion for Summary Judgment (Doc. #16) is due to be and is hereby ORDERED DENIED.

Done this 19th day of May, 2008.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE