IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **LARRY FITZPATRICK,** | ) Case No.: 2:07-CV-528 |
| **Plaintiff,** | ) **CITY OF MONTGOMERY'S MOTION** *IN LIMINE* |
| vs. | ) |
| **CITY OF MONTGOMERY,** | ) |
| **Defendant** | ) |

COME NOW The City of Montgomery, by and through undersigned counsel, and moves this Honorable Court to instruct the parties, their witnesses and all of their counsel to refrain from mentioning, referring to, interrogating any and all witnesses about, introducing any evidence about, or attempting to convey to the jury in any manner, either directly or indirectly, the following facts or events on the grounds as stated below.

### I.    UNNAMED COMPARATORS

In his Complaint, Plaintiff repeatedly names a comparator: Johnny Ray Smith. Johnny Ray Smith is the only comparator named or referenced in the complaint, which has not been amended. (Doc. No.1). In his Motion in Opposition to Defendant's Motion for Summary Judgment (Doc. No.20), Plaintiff alleges that a white employee, Kenny Smith, committed some similar act for which he was punished less severely than Plaintiff. Kenny Smith has not been identified as a comparator in this case, and no discovery has been performed to ferret-out any such claim.

Likewise, Plaintiff states in his allegations submitted for the Pretrial Order in this case that "Caucasian mechanics, other than Mr. (Johnny Ray) Smith, who committed similar maintenance infractions, were not disciplined, or were disciplined less severely than were

1

African American mechanics." (Doc.28, p.3). Plaintiff has failed to identify, through pleadings or discovery, who these "Caucasian mechanics" are (if they are not Kenny Smith), and have not identified them as comparators in this case. The City of Montgomery, therefore, requests this Honorable Court to limit any testimony or evidence regarding comparators or comparable treatment of similarly-situated employees to that of Johnny Ray Smith, the only comparator so identified in the Complaint.

## II.    JOHNNY RAY SMITH'S DISCIPLINE FOR RACIAL REMARKS

Johnny Ray Smith, the sole identified comparator in this case, has a history of disciplinary actions against him. One of those disciplinary actions involved a comment which he made to the Deputy Director of the City Shops, Mr. Eugene Knox. Mr. Smith, in a conversation with Mr. Knox, told Knox "if you need a white friend, just give me a call." Mr. Smith, after an investigation and hearing, was suspended for four days for the comment.

The comment and the subsequent discipline did not involve any of the supervisors whom are accused of racial bias in the instant suit. Nor did it involve Mr. Fitzpatrick. In fact, Mr. Smith was and is employed in the same capacity as Plaintiff, and enjoyed no supervisory authority over him. Allowing testimony or the admission of evidence regarding this incident is not relevant to any material fact at issue in this case. Fed. R. Evid. 402. Since the plaintiff will likely make the case that Mr. Smith gets preferential treatment from his immediate supervisor, Mr. Royce Albright, and the Director of the City Shops, Mr. Terry Gaddis, the issue is almost certain to inflame the jury, or at least prejudice them against Albright and Gaddis. Testimony will likely show that Albright, Gaddis, and Smith belong to the same motorcycle club or association. The jury will, no doubt, transfer any perceived bias on the part of Johnny Ray Smith

to Gaddis and Albright by their association, and, thereby, become prejudice to all actions taken by the two which are actually complained-of in this lawsuit.

### III. UNIDENTIFIED EXPERTS

Plaintiff's counsel has represented to this writer that he intends to submit evidence at trial of his client's diagnosis and treatment for psychological problems either through testimony of a psychologist or by way of documentary evidence consisting of psychological records. Plaintiff's Witness List identified only one witness expected to give expert opinion testimony: Mr. Charlie Crum. (Doc. 23, Plaintiff's Witness List). Mr. Crum has been identified as an expert in automotive repair. No expert, therefore, has been identified for the purpose of giving opinion testimony as to the mental state of Mr. Fitzpatrick or the cause thereof, and the deadline for identifying such persons has passed. Also, Plaintiff has failed to allege, either in pleading or discovery, that he suffers from a diagnosed mental ailment. The City of Montgomery, therefore, was given no opportunity to conduct discovery on the issue. If Plaintiff seeks to introduce such testimony by way of submission of deposition testimony, the City of Montgomery also objects on grounds that the proffered testimony would be hearsay. Fed. R. Evid. 802.

The plaintiff has also failed to identify any witnesses who could be called to give foundational testimony for the admission of medical records under the business records exception to the hearsay rule. Fed. R. Evid. 803(6). Moreover, the submission of such records under the business records exception would seek to admit an expert opinion on the diagnosis and causation of Plaintiff's mental state without qualifying the person rendering the opinion as an expert as required by Fed. R. Evid. 702.

3

IV.    **REPORTS OF TAMPERING BY OTHER EMPLOYEES**

Among other things, Plaintiff maintains that other employees in the shop have complained to management about tampering with their work; that after the completion of their work, someone either removed bolts or unclamped hoses to allow fluids to drain out; and that management has taken no action to investigate the complaints. (Doc. 20, Exhibit 1). The City of Montgomery believes that Plaintiff will offer this argument, by way of both oral testimony and documentary evidence (affidavits and writings of the other employees), to show that *his* work was tampered with. In other words, the plaintiff seeks to convince the jury that because others have complained of tampering, the negligent maintenance infractions for which he was terminated must have been due to the same type of tampering. While direct or circumstantial evidence showing why the *plaintiff's* work might have been tampered with may be admissible, evidence of others showing that they made complaints of tampering would be too remote to be relevant to any material fact at bar in this case. Fed. R. Evid. 402. Evidence that others believed their work to have been tampered with would not be relevant to why the proffered reasons for Plaintiff's termination (negligent maintenance) were pretextual unless they contained some nexus to the problems for which *Plaintiff* was terminated. McDonnell Douglass Corp. v. Green, 411 U.S. 792, 802-803, 93 S.Ct. 1817, 1824-25, (1973).

V.    **PATTERN OR PRACTICE**

In response to summary judgment, Plaintiff mentions the discipline of two other African American employees and asserts that "African American employees are subjected to harsher discipline at the City Garage." (Doc. No. 20, Exhibit 1, p. 9). In particular, Plaintiff states that Rodney Hardy received three days suspension for leaving a part in a wheel, and that Gregory

4

Johnson was suspended ten days for asking a work-related question during a meeting. (Doc. No. 20, Exhibit 1, p. 9).

The Eleventh Circuit Court of Appeals has recognized that "[t]here are two theories of intentional discrimination under Title VII: disparate treatment and pattern or practice discrimination." Denny v. City of Albany, 247 F.3d 1172, 1182 (11th Cir.2001). The plaintiff in this case has stated a claim for disparate treatment. Nowhere in the Complaint does he allege that there is a general pattern or practice of treating African Americans disparately. His claim focuses solely on an intentional discriminatory act or set of acts directed at him; his termination and his being sent to counseling being the adverse employment actions at issue. "Disparate treatment claims require proof of discriminatory intent either through direct or circumstantial evidence." Id. Whether that evidence is direct or circumstantial, though, it must have the propensity to show that there was an intentional discriminatory intent behind the employment decision complained of. See Harris v. Shelby County Board of Education, 99 F.3d 1078, 1083 (11th Cir.1996). "Absent direct evidence, a plaintiff may prove intentional discrimination through the familiar *McDonnell Douglas* paradigm for circumstantial evidence claims." Denny v. City of Albany, 247 F.3d at 1182-83.

Under McDonnell Douglas, the plaintiff has the burden to first establish a prima facie case of discrimination. McDonnell Douglass Corp. v. Green, 411 U.S. 792, 802-803, 93 S.Ct. 1817, 1824-25, (1973). "A plaintiff establishes a prima facie case of disparate treatment by showing that she was a qualified member of a protected class and was subjected to an adverse employment action in contrast with similarly situated employees *outside* the protected class." Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1087 (11th Cir.2004) (*emphasis added*). It is obvious that plaintiff seeks to do this by comparing his treatment to that of Johnny Ray Smith.

5

The burden then shifts to the employer to "articulate a legitimate, nondiscriminatory reason for its actions." Wilson v. B/E Aerospace, Inc., 376 F.3d at 1087. Defendant will do so by presenting evidence which will purport to show that plaintiff habitually and repeatedly committed acts of negligent maintenance. The burden, then, falls to the plaintiff to show that the proffered reason is a pretext for an otherwise unlawful action. McDonnell Douglass Corp. v. Green, 411 U.S. at 802-803, 93 S.Ct. at 824-25.

Plaintiff will seek to show pretext, in part, by showing that other African Americans have been discriminated against. It is that with which the City takes issue here. "[A] plaintiff, in order to prove the employer's justification to be pretextual, must show either that he did not violate the work rule or that, if he did, other employees *not within* the protected class who engaged in similar acts were not similarly treated. Anderson v. Savage Labs, Inc., 675 F.2d 1221, 1224 (11th Cir.1982); *emphasis added;* See *also* Harris v. Plastics Manufacturing Co., 617 F.2d 438 (5th Cir.1980). Evidence of how others who are *within* Plaintiff's protected class have been treated is not probative of whether plaintiff's race was "a determinative factor in the employer's decision to fire *him*." Anderson v. Savage Labs, Inc., 675 F.2d at 1224. And that is the ultimate issue at trial; It is a subjective determination of whether the employee was adversely treated because of his race, and not how others may have been treated. *See;* Haring v. CPC International, Inc., 664 F.2d 1234, 1239-40 (5th Cir. 1981). Here again, there must be some nexus between the act offered into evidence and the treatment of the plaintiff.

The City of Montgomery, therefore, requests this Honorable Court to limit any testimony or evidence of how others who are within plaintiff's racial classification were treated to show that the City's reasons for terminating Fitzpatrick are pretextual.

### VI.     FINDINGS BY EEOC

In his Motion in Opposition to Defendant's Motion for Summary Judgment, Plaintiff states that "The EEOC found that there was cause to believe Mr. Fitzpatrick was a victim of race discrimination and retaliation." (Doc. 20, Exhibit 1, p. 14).  While it is probative to the retaliation claim for the plaintiff to show that he filed an EEOC complaint (to show that he engaged in a protected activity opposing a perceived illegal work practice), any reference to the findings made by the EEOC in their investigation would be hearsay.  Fed.R.Evid. 802.  Moreover, any such comment or reference would attempt to interject an opinion on an ultimate issue for the jury purportedly given by a federal agency, an opinion which the jury would likely afford great deference and weight, thus unduly prejudicing the City of Montgomery and shortcutting the plaintiff's burden of proving the discrimination alleged.  The City of Montgomery, therefore, respectfully requests that this Honorable Court order that parties and counsel refrain from commenting on the findings of the EEOC and exclude any documentary evidence admitted for the purpose of showing such a finding.

WHEREFORE, the above premises considered, the City of Montgomery moves this Honorable Court to instruct the parties, their witnesses, and counsel to refrain from mentioning, referring to, interrogating any and all witnesses about, introducing any evidence about, or attempting to convey to the jury in any manner, either directly or indirectly, the evidence referred to herein above at the trial of this case.

Respectfully submitted

/s/ Wallace D. Mills
WALLACE D. MILLS (MIL090)
Assistant City Attorney

CITY OF MONTGOMERY
Legal Department
Post Office Box 1111
Montgomery, Alabama  36101-1111
(334) 241-2050
(334) 241-2310 – facsimile

## CERTIFICATE OF SERVICE

 I hereby certify that on the 16th day of July, 2008, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

   Joseph C. Guillot, Esq.
   McPhillips, Shinbaum LLP
   P.O. Box 64
   Montgomery, AL 36101-0064

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

   /s/Wallace D. Mills_____
   Wallace D. Mills
   Assistant City Attorney
   103 North Perry Street
   Montgomery, AL  36104