IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **LARRY FITZPATRICK,** | ) Case No.: 2:07-CV-528 <br> ) <br> ) **CITY OF MONTGOMERY'S** <br> ) **OBJECTIONS TO PLAINTIFF'S** <br> ) **EXHIBITS** |
| Plaintiff, | |
| vs. | |
| **CITY OF MONTGOMERY,** | |
| Defendant | |

COMES NOW the City of Montgomery, by and through undersigned counsel, and objects to the admission at trial of those certain exhibits on Plaintiff's Exhibit List as stated below:

**I.    HEARSAY**

The City of Montgomery objects to the admission of the following exhibits listed on Plaintiff's Exhibit List on the ground that they are out of court statements offered for the purpose of proving the truth of the matter asserted therein and do not fall within any exception to the hearsay rule. Fed. R. Evid. 801, 802, 803, 804.

Exhibit 3    Negotiated Settlement Agreement mediated by EEOC

Exhibit 6    Plaintiff's Response to disciplinary charges, including two memos written by Robert Shuford, and one memo written by Rodney Hardy.

Exhibit 9    Plaintiff's written statement concerning brake caliper incident

Exhibit 12   January 19, 2007 Letter of Determination from EEOC

Exhibit 19   Collective exhibit containing technical certificates possessed by Larry Fitzpatrick

<u>Exhibit 20</u>    Statement showing amount of pension contributions withdrawn by Larry Fitzpatrick from the City's retirement system after his termination.

<u>Exhibit 21</u>    Medical/Psychiatric records of Larry Fitzpatrick.

<u>Exhibits 23 through 28</u>    Memos and letters written by Robert Shuford and Rodney Hardy

<u>Exhibit 35</u>    Collective exhibit of disciplinary files on Johnny Ray Smith containing the following objectionable material:

    1) Handwritten note from Jeff Downes to Mayor Bright regarding discipline of Johnny Ray Smith

    2) Unsworn transcript of disciplinary hearing for J.R. Smith

    3) Written statement of J.R. Smith

    4) Memo written by Eugene Knox

    5) Memo from Beverly Williams

    6) Handwritten note of Clifton Young

    7) Handwritten note of Daniel Williams

<u>Exhibit 36</u>    Entire personnel file of J.R. Smith

<u>Exhibit 37</u>    Job application and resume of Royce Albright

<u>Exhibit 38</u>    Audiotape of conversations between Eugene Knox, Roy Wilson, and Donald White

## II. RELEVANCE TO A MATERIAL FACT

The City of Montgomery objects to the admission of the following exhibits listed on Plaintiff's Exhibit List on the ground that they are not relevant to a material fact at issue in the case at bar. Fed. R. Evid. 805.

<u>Exhibit 3</u>    Negotiated Settlement Agreement as mediated by the EEOC.

The document is a statement of the terms and conditions of mediated settlement between the City of Montgomery and Larry Fitzpatrick after the filing of an EEOC charge by Fitzpatrick prior to his termination. The document is not relevant to whether Plaintiff was disparately treated or retaliated against.

<u>Exhibit 35</u>    Collective exhibit containing personnel and disciplinary documents concerning J.R. Smith's discipline for alleged racial remarks.

J.R. Smith is a white employee holding the same job classification as that of Plaintiff. Smith was suspended for four days for making alleged racial remarks to his supervisor, Eugene Knox. Smith had no supervisory responsibility or authority over Plaintiff, and the incident contained in the subject documents did not involve Plaintiff, or any of the supervisors whose actions are alleged in the case at bar to have been disparate or retaliatory.

<u>Exhibit 37</u>    Job application and resume of Royce Albright—Plaintiff's supervisor.

**III.    HEARSAY WITHIN HEARSAY**

The City of Montgomery objects to the admission of the following exhibits listed on Plaintiff's Exhibit List on the ground that the documents themselves, which are hearsay, contain hearsay within them. Fed. R. Evid. 805.

<u>Exhibit 6</u>    Plaintiff's Response to disciplinary charges, including two memos written by Robert Shuford, and one memo written by Rodney Hardy.

The first is a copy of a signed statement made by Plaintiff in response to disciplinary charges brought against him in 2005 in which he quotes from statements made by people other than the declarant. More specifically, the document quotes from statements allegedly made by Johnny Ray Smith (a non-party to this lawsuit) and by Royce Albright.

The second and third documents in the Exhibit are memos to Royce Albright written by Mr. Robert Shuford, both of whom are non-parties to the case. The memos either quote from or cite to statements made by other people, namely: Johnny Ray Smith, Donald Knight, and Donald White, all of whom are non-parties to this case.

<u>Exhibit 24</u>    January 24, 2005 Memo from Robert Shuford to Royce Albright.

The memo contains out of court statements which, in turn, relay statements made by Donald Knight, Donald White, and Johnny Ray Smith.

<u>Exhibit 25</u>    February 10, 2005 Memo from Robert Shuford to Royce Albright.

The memo contains statements by Shuford relaying what was said by Johnny Ray Smith and Donald Knight.

<u>Exhibit 26</u>    December 19, 2005 Memo from Robert Shuford to Royce Albright.

4

The memo contains statements from Shuford which call for hearsay from Donald Knight.

<u>Exhibits 23 through 28</u>     Memos and letters written by Robert Shuford and Rodney Hardy.

## IV.    UNDUE PREJUDICE

Defendant objects to the admission of the following exhibits on the ground that any probative value which the documents may have is/are substantially outweighed by the danger of unfair prejudice to the defendant; that is will serve to mislead the jury or confuse the issues before it.  Fed. R. Evid. 403.

<u>Exhibit 3</u>     Negotiated Settlement Agreement mediated by EEOC

<u>Exhibit 12</u>    January 19, 2007 Letter of Determination from EEOC

<u>Exhibit 21</u>    Medical/Psychiatric records of Larry Fitzpatrick.  Plaintiff's admission of the medical/psychiatric records seek to introduce to the jury the premise that Larry Fitzpatrick was diagnosed and treated for a mental illness.  The diagnosis, if not the treatment, call for an opinion which can only be given by a duly-qualified expert.  Moreover, the records offer an opinion as to causation, saying that his depressed mood is "secondary to workplace harassment." The plaintiff has not identified, by witness list, any expert who can be qualified to give the above testimony.  The submission of such records under the business records or similar exception would seek to admit an expert opinion on the diagnosis and causation of Plaintiff's mental state without qualifying the person rendering the opinion as an expert as required by Fed. R. Evid. 702.  It would also deny the defense an adequate opportunity to conduct discovery into either the

qualifications of the expert or the diagnosis and opinion on causation.  The admission would also effectively deprive the defendant of the opportunity to cross-examine an adverse expert witness.

Exhibit 35    Collective exhibit of disciplinary files on Johnny Ray Smith wherein Johnny Ray Smith was suspended for making an allegedly racially-motivated remark to his superior.  None of the parties involved in the said incident are involved in the case at bar, except that Smith has been named as a comparator.  Defendant expects that admission of Exhibit 35 into evidence will prejudice the defendant in the eyes of the jury.  Testimony will likely show that Albright, Gaddis, and Smith belong to the same motorcycle club or association.  The jury will, no doubt, transfer any perceived bias on the part of Johnny Ray Smith to Gaddis and Albright by their association, and, thereby, become prejudice to all actions taken by the two which are actually complained-of in this lawsuit.

Exhibit 36    Entire personnel file of J.R. Smith.  Submission of the personnel file of Johnny Ray Smith contains many of the same documents which are objected to in Exhibit 35.  The plaintiff will attempt to graft racial bias onto the City of Montgomery, Terry Gaddis, and Royce Albright by their association with Johnny Ray Smith.

WHEREFORE, the above premises considered, the City of Montgomery respectfully moves this Honorable Court to exclude the above named exhibits proposed for admission by Plaintiff at the trial of this case for the reasons stated.  The City of Montgomery reserves any objections which rest upon proper authentication of documents until the trial of this case as whether or not an objection based upon authentication will lie cannot reveal itself until the proper foundation is laid through the examination of witnesses.

Respectfully submitted,

/s/ Wallace D. Mills
WALLACE D. MILLS (MIL090)
Assistant City Attorney

CITY OF MONTGOMERY
Legal Department
Post Office Box 1111
Montgomery, Alabama  36101-1111
(334) 241-2050
(334) 241-2310 – facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July, 2008, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

Joseph C. Guillot, Esq.
McPhillips, Shinbaum LLP
P.O. Box 64
Montgomery, AL 36101-0064

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

/s/Wallace D. Mills
Wallace D. Mills
Assistant City Attorney
103 North Perry Street
Montgomery, AL  36104

7