IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **LARRY FITZPATRICK,**   )<br>    **Plaintiff,**    )<br>            )<br>    v.        )<br>            )<br>**CITY OF MONTGOMERY, ALABAMA,** )<br>    **Defendant.**    ) | <br><br><br>Civil Action No.:  2:07-cv-528-WHA<br><br><br>Date:  July 24, 2008 |

### PLAINTIFF'S MOTION IN LIMINE

COMES NOW the Plaintiff, Larry Fitzpatrick (hereinafter Mr. Fitzpatrick) and presents as his Motion in Limine, the following:

### Plaintiff's 1999 Drug Test Results

Plaintiff moves this Court to prevent the Defendant from commenting, or entering documentary evidence about, the Plaintiff's 1999 drug test results.

The Court should Order that the City, or any of its witnesses, be disallowed from presenting testimony or documentary evidence about Mr. Fitzpatrick's 1999 positive drug test result.  According to Rule 402 Fed.R.Evid, all relevant evidence is admissible and all irrelevant evidence in not admissible.  The results of said drug screening are not relevant to this case; this drug test result had nothing to do with this case.  Mr. Fitzpatrick was disciplined as a result of that matter and there was never a recurrence. The drug test result issue has not been alleged as a reason for the actions taken against Mr. Fitzpatrick.  That issue has not been an issue in this case and should not be allowed to become an issue in this case at trial.  Because the drug test issue is not relevant, it should not be admissible. Rule 402

However, even if the drug test results were deemed to be relevant, they should

not be allowed as evidence on the basis of Rule 403, Fed.R.Evid., which states that any evidence, though relevant, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Use of Mr. Fitzpatrick's 1999 drug results would certainly result in unfair prejudice against him that would outweigh the probative value of such evidence to this case.

## Plaintiff's Past Disciplinary Record

The Plaintiff also moves this Court to Order that the City, or any of its witnesses, not present testimony or documentary evidence, about Mr. Fitzpatrick's past disciplinary record. In Defendant's Exhibit 1, the City presents a document which contains eleven (11) disciplinary actions that allegedly occurred from 1991 to 2004, including the aforementioned 1999 Drug Test results. Mr. Fitzpatrick's employment was not terminated for these incidents. Many of the incidents are too remote in time to have effected the termination. Therefore, this attachment, and the information thereon, is not relevant to this case. Evidence which is not relevant is not admissible. Rule 402, Fed.R.Evid. Further, presentation of these incidents, dating back to 1991, would be unduly prejudicial to the Plaintiff and very likely mislead the jury as to what the true issues are in this case. Rule 403, Fed.R.Evid.

## Defendant's Photographic Evidence
## Supporting the Allegations of Maintenance Negligence

Plaintiff also moves this Court to prevent the Defendant from commenting on the damage depicted in certain photographic evidence in the trial of this case.

Defendant has presented certain photographs to be used as Exhibits 9, 10, 11, 12 and 13 in the trial of this case. These photographs allegedly depict a damaged

brake caliper assembly, rotor assembly, and wheel of a Ford Crown Victoria (Exhibit 9 - 11); the damaged wheel and lug studs on a maintenance van (Exhibit 12); and a fuel pump and hat seal on a Chevrolet Blazer (Exhibit 13). The Plaintiff has also objected to these photographs in his Objection to the Defendant's Exhibits.  First, these photographs have not been properly authenticated. Rule 901, Fed.R.Evid.  Actually, according to Mr. Royce Albright, in his sworn testimony at the May 23, 2006 City-County Personnel Board Hearing, the photographs in Exhibits 12 and 13 were taken over one year after the incidents alleged by the City and, if the pictures depict any damage, the damage could have been done after the incidents alleged by the City.

These photographs present a substantial danger of confusing the issues, misleading the jury or being unduly prejudicial to the Plaintiff.  Rule 403, Fed.R.Evid. However, if this Court allows these photographs to be admitted at the trial of this case, Plaintiff moves the Court to instruct the Defendant that there should be no reference to any damage or the cause of any such damage that may be depicted in the photographs. He further moves the Court to order that the use of these photographs is to be limited to demonstrating to the jury what the particular parts look like.

### Videotape of Mr. Royce Albright

This videotape depicts Mr. Royce Albright disassembling the brake calipers on a police vehicle and then replacing them on the vehicle.   Plaintiff has presented an objection to this videotape exhibit in Plaintiff's Objection to Defendant's Exhibits.  The Plaintiff was provided a copy of this videotape in discovery; however, he was not made aware of the filming of this videotape, such that he could be present to observe its production.  Additionally, during the videotape, Mr. Albright makes conclusory

comments that could very easily mislead the jury and be unduly prejudicial to the Plaintiff. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Rule 403, Fed.R.Evid.

For example, in the videotape, Mr. Albright states that the caliper bolts were not secured. The Plaintiff adamantly denies that he failed to secure the caliper bolts. Mr. Albright also gives several opinions as to how the parts depicted in the videotape–the rotor, brake caliper, wheel and brake pads--were damaged. Mr. Albright is not a forensics expert, nor has a forensics expert examined the parts, nor is Albright offered as an expert in the field of accident investigations. Therefore, there is no scientific or technical basis for Mr. Albright's opinions and he is not qualified as an expert to offer such opinions. Therefore, the Plaintiff moves the Court to order that this videotape, which attempts to portray Mr. Albright as a forensics expert, not be allowed during the trial of this case. Additionally, the Court should order that Defendant not make any reference to this videotape.

Respectfully submitted on this the 24th day of July, 2008.

/s/ Joseph C. Guillot  
Joseph C. Guillot (GUI011)  
Attorney for Plaintiff

**OF COUNSEL:**
**McPhillips, Shinbaum & Gill, L.L.P.**
516 South Perry Street
Montgomery, Alabama 36104
(334) 262-1911
(334) 263-2321 - Fax

## CERTIFICATE OF SERVICE

    I hereby certify that this 28th day of July, 2008, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Wallace Mills, Esq.
City of Montgomery Attorney's Office
103 N. Perry Street, Room 200
Montgomery AL 36104

                                    /s/ Joseph C. Guillot
                                    OF COUNSEL