IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY FITZPATRICK,      ) | |
|     Plaintiff,      ) | |
| ) | |
| v.      ) | Civil Action No.:2:07-CV-528 WHA |
| ) | |
| CITY OF MONTGOMERY, ALABAMA,      ) | |
|     Defendant.      ) | Date:  July 24, 2008 |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBITS**

COMES NOW the Plaintiff, Larry Fitzpatrick, and presents, as his Objections to Defendant's Exhibit List, the following:

**Exhibit 1 - Recommendation for Disciplinary Action with Attachments, Jan. 13, 2006.**  Plaintiff does not object to the "Recommendation" document, but he does object to one of the attachments.  In particular, Plaintiff objects to the document titled "Previous Record Considered For Larry G. Fitzpatrick."  This document allegedly presents eleven (11) disciplinary actions that allegedly occurred from 1991 to 2004.  Mr. Fitzpatrick's employment was not terminated for these incidents.   Many of the incidents are too remote in time to have effected the termination.   Therefore, this attachment and the information thereon, is not relevant to this case.    Evidence which is not relevant is not admissible.  Rule 402, Fed.R.Evid.  Further, Plaintiff objects on the grounds that it would confuse the issues, mislead the jury and would be unduly prejudicial to the Plaintiff.  Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.  Rule 403, Fed.R.Evid.

**Exhibit 6 - Employee Counseling Record for Larry Fitzpatrick.**  Plaintiff

objects to this document, because it was not completed and is annotated, "other action was deemed necessary." Therefore, because no action was taken as a result of this record–no counseling occurred–this exhibit is not relevant and should not be admitted. Evidence which is not relevant is not admissible. Rule 402, Fed.R.Evid.

**Exhibits 9, 10, and 11 - Damaged brake caliper assembly, rotor assembly, and wheel (photographs may be offered in place of actual parts).** Plaintiff objects to these photographic exhibits because they has not been properly authenticated. Rule 901, Fed.R.Evid.

Additionally, although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or of misleading the jury. Rule 403, Fed.R.Evid. As presented in Defendant's Exhibit List, as well as in the actual photographs, this Court would have no way to tell when this photograph was taken or by whom. Defendant has presented no proof that these photographs were of the parts in question or were taken at or near the time the vehicle was brought in for repair. There is no documentation relating these photographs to the maintenance malpractice incident of which Plaintiff was accused. Other damage to the vehicle, or the parts depicted, could have occurred subsequent to the alleged incident and before these photographs were taken. Such evidence would be misleading to the jury and unduly prejudicial the Plaintiff.

**Exhibit 12 - Photographs of damaged wheel lugs and wheel.** Plaintiff also objects to these photographic exhibits because they has not been properly authenticated. Rule 901, Fed.R.Evid. According to Mr. Royce Albright, in his sworn testimony at the May 23, 2006 City-County Personnel Board Hearing, these

photographs of vehicle #5800-2484 were taken after the initial disciplinary hearing, dated December 8, 2005, which was over one year after the incident alleged by the City.  Therefore, it is very likely these photographs do not depict the condition of the vehicle immediately following the alleged incident.  Other damage to the vehicle, or the parts of vehicles depicted, could have occurred subsequent to the alleged incident and before these photographs were taken.  Such evidence would be misleading to the jury and  unduly prejudicial the Plaintiff.

Plaintiff further objects to these photographs because they would confuse the issues, mislead the jury and  be unduly prejudicial to the Plaintiff.  Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or of misleading the jury.  Rule 403, Fed.R.Evid.

**Exhibit 13 -  Photographs of fuel pump and hat seal (to be marked collectively).**  Plaintiff objects to these photographic exhibits as they has not been properly authenticated.  Rule 901, Fed.R.Evid.   According to Mr. Royce Albright, in his sworn testimony at the May 23, 2006 City-County Personnel Board Hearing, these photographs of vehicle #6210-2986 were taken more than one year after the incident alleged by the City.  These photos do not depict the condition of the vehicle immediately following the alleged incident.  Other damage to the vehicle, or the parts depicted, could have occurred subsequent to the alleged incident and before these photographs were taken.  Such evidence would be misleading to the jury and unduly prejudicial to the Plaintiff.

Plaintiff further objects to these photographs because they would confuse the

3

issues, mislead the jury and be unduly prejudicial to the Plaintiff.  Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or of misleading the jury.  Rule 403, Fed.R.Evid.

**Exhibit 14 - Videotape depicting proper installation method for rear brake caliper assembly on a Ford Crown Victoria.**  Plaintiff objects to this videotape exhibit because it has not been properly authenticated.  Rule 901, Fed.R.Evid.  This videotape depicts Mr. Royce Albright disassembling the brake calipers on a police vehicle and then replacing them on the vehicle.   The Plaintiff was provided a copy of this videotape in discovery; however, he was not made aware of the filming of this videotape, such that he could be present to observe the production.  Additionally, during the videotape, Mr. Albright makes conclusory comments that would unfairly be unduly prejudicial to the Plaintiff and could very easily mislead the jury.  Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or of misleading the jury.  Rule 403, Fed.R.Evid.

Further, Rule 702, Fed.R.Evid., governs the admissibility of expert testimony.  Expert testimony is required to meet a threshold standard of reliability and relevance before it is admitted.  An expert's opinion must be based on methods and procedures of science, rather than on subjective belief or unsupported speculation.  *Bowers v. Northern Telecom*, 905 F. Supp. 1004, 1995 U.S. Dist. LEXIS 20139 (D. Fla., September 25, 1995.   Mr. Albright states that the caliper bolts were not secured.  The Plaintiff adamantly denies that he failed to secure the caliper bolts.  Mr. Albright also gives several opinions as to how the parts depicted in the videotape were damaged;

however, he is not a forensics expert, nor has a forensics expert examined the parts, nor is Albright offered as an expert in the field of accident investigations. Therefore, this videotape, which attempts to portray Mr. Albright as a forensics expert, should not be allowed during the trial of this case.

Respectfully submitted on this the 24th day of July, 2008.

/s/ Joseph C. Guillot
Joseph C. Guillot (GUI011)
Attorney for Plaintiff

**OF COUNSEL:**
**McPhillips, Shinbaum & Gill, L.L.P.**
516 South Perry Street
Montgomery, Alabama 36104
(334) 262-1911
(334) 263-2321 - Fax

## CERTIFICATE OF SERVICE

I hereby certify that this 24th day of July, 2008, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Wallace Mills, Esq.
City of Montgomery Attorney's Office
103 N. Perry Street, Room 200
Montgomery AL 36104

/s/ Joseph C. Guillot
OF COUNSEL