**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION**

| | |
|---|---|
| **LARRY FITZPATRICK**, | ) |
| Plaintiff, | ) Case No. 2:07-cv-528-WHA |
| vs. | ) **DEFENDANT'S REQUESTED** |
| **CITY OF MONTGOMERY**, | ) **JURY INSTRUCTIONS** |
| Defendant. | ) |

COMES NOW the defendant, City of Montgomery, by and through undersigned counsel and requests that the following jury charges be given at the conclusion of evidence in this case.

**1.    IMPEACHMENT OF WITNESSES, INCONSISTENT STATEMENT, ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS 4.1**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**GIVEN: _____        DENIED: _____**

## 2. EXPERT WITNESSES GENERAL INSTRUCTION, ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS 5.1

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

**GIVEN: _____          DENIED: _____**

## 3. BURDEN OF PROOF, WHEN ONLY PLAINTIFF HAS BURDEN OF PROOF, ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS 6.1

In this case it is the responsibility of the Plaintiff to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

**GIVEN: _____          DENIED: _____**

**4.     TITLE VII-CIVIL RIGHTS ACT, RACE DISCRIMINATION, DISCHARGE, INCLUDING "SAME DECISION" DEFENSE, ELEVENTH CIRCUIT PATTERN JURY INSTRUCTION 1.2.1**

In this case the Plaintiff makes a claim under the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of their employment because of the employee's race.

More specifically, the Plaintiff claims that he was discharged from employment by the Defendant because of the Plaintiff's race.

The Defendant denies that the Plaintiff was discriminated against in any way and asserts that <u>they have a legitimate, non-discriminatory reason for the termination, and that they would have made the same decision despite the plaintiff's race.</u>

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:    That the Plaintiff was discharged from employment by the Defendant; and

Second:  That the Plaintiff's race was a substantial or motivating factor that prompted the Defendant to take that action.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's race. So far as you are concerned in this case, an employer may discharge an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendant even though you personally may not favor the action taken and would have acted differently under the circumstances. Neither does the law require an employer to extend any special or favorable treatment to employees because of their race.

On the other hand, it is not necessary for the Plaintiff to prove that the Plaintiff's race was the sole or exclusive reason for the Defendant's decision. It is sufficient if the Plaintiff proves that race was a determinative consideration that made a difference in the Defendant's decision.

If you find in the Plaintiff's favor with respect to each of the facts that the Plaintiff must prove, you must then decide whether the Defendant has shown by a preponderance of the evidence that the Plaintiff would have been dismissed for other reasons even in the absence of consideration of the Plaintiff's race. If you find that the Plaintiff would have been dismissed for reasons apart from the Plaintiff's race, then you will make that finding in your verdict.

If you find for the Plaintiff and against the Defendant on its defense, you must then decide the issue of the Plaintiff's damages:

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

- (a) Net lost wages and benefits to the date of trial;
- (b) Emotional pain and mental anguish.
- (c) Punitive damages, if any (as explained in the Court's instructions)

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - - that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiff's damages by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

The Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

In some cases punitive damages may be awarded for the purpose of punishing the Defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

So, an award of punitive damages would be appropriate only if you find for the Plaintiff and then further find from a preponderance of the evidence (1) that a higher management official of the Defendant personally acted with malice or reckless indifference to the Plaintiff's federally protected rights, and (2) that the employer itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages.

## SPECIAL INTERROGATORIES
## TO THE JURY

**Do you find from a preponderance of the evidence:**

1. That the Plaintiff was discharged from employment by the Defendant?

    Answer Yes or No

2. That the Plaintiff's race was a substantial or motivating factor that prompted the Defendant to take that action?

    Answer Yes or No

[Note: If you answered No to either Question No. 1 or Question No. 2 you need not answer the remaining question.]

3. That the Plaintiff would have been discharged from employment for other reasons even in the absence of consideration of the Plaintiff's race?

    Answer Yes or No

[Note: If you answered Yes to Question No. 3, you need not answer the remaining questions.]

4. That the Plaintiff should be awarded damages to compensate for a net loss of wages and benefits to the date of trial?

    Answer Yes or No

    If your answer is yes, in what amount?        $

5. That the Plaintiff should be awarded damages to compensate for emotional pain and mental anguish?

    Answer Yes or No

    If your answer is yes, in what amount?        $

6(a). That a higher management official of the Defendant acted with malice or reckless indifference to the Plaintiff's federally protected rights?

    Answer Yes or No

    (b)    If your answer to 6(a) is yes, do you further find that the Defendant itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace?

    Answer Yes or No

    (c)    If your answers are yes, to both 6(a) and (b), what amount of punitive damages, if any, should be assessed against the Defendant?     $

.

## 5. CIVIL RIGHTS ACT, 42 USC § 1981, RACE DISCRIMINATION IN EMPLOYMENT, DISCHARGE, ELEVENTH CIRCUIT PATTERN JURY INSTRUCTION 1.3.1

In this case the Plaintiff makes a claim under the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of their employment because of race.

More specifically, the Plaintiff claims that he was discharged from employment by the Defendant because of the Plaintiff's race.

The Defendant denies that the Plaintiff was discriminated against in any way and asserts that <u>they have a legitimate, non-discriminatory reason for the termination, and that they would have made the same decision despite the plaintiff's race.</u>

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

    First:    That the Plaintiff was discharged from employment by the Defendant; and

    Second:  That the Plaintiff's race was a substantial or motivating factor that prompted the Defendant to take that action.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's race. So far as you are

concerned in this case, an employer may discharge an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the Plaintiff to lead you to substitute your own judgment for that of the Defendant even though you personally may not favor the action taken and would have acted differently under the circumstances.  Neither does the law require an employer to extend any special or favorable treatment to employees because of their race.

On the other hand, it is not necessary for the Plaintiff to prove that the Plaintiff's race was the sole or exclusive reason for the Defendant's decision.  It is sufficient if the Plaintiff proves that race was a determinative consideration that made a difference in the Defendant's decision.

If you find in the Plaintiff's favor with respect to each of the facts that the Plaintiff must prove, you must then decide whether the Defendant has shown by a preponderance of the evidence that the Plaintiff would have been dismissed for other reasons apart from the Plaintiff's race.  If you find that the Plaintiff would have been dismissed for reasons apart from race, then your verdict should be for the Defendant.

If you find for the Plaintiff and against the Defendant on its defense, you must then decide the issue of the Plaintiff's damages:

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less.  Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant.  Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a) Net lost wages and benefits to the date of trial;

(b) Emotional pain and mental anguish.

(c) Punitive damages, if any (as explained in the Court's instructions)

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - - that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiff's damages by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

The Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

In some cases punitive damages may be awarded for the purpose of punishing the Defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace. So, an award of punitive damages would be appropriate only if you find for the Plaintiff and then further find from a preponderance of the evidence (1) that a higher management official of the Defendant personally acted with malice or reckless indifference to the Plaintiff's federally

protected rights, and (2) that the employer itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages.

## SPECIAL INTERROGATORIES
## TO THE JURY

**Do you find from a preponderance of the evidence:**

1. That the Plaintiff was discharged from employment by the Defendant?

   Answer Yes or No

2. That the Plaintiff's race was a substantial or motivating factor that prompted the Defendant to take that action?

   Answer Yes or No

[Note: If you answered No to either Question No. 1 or Question No. 2 you need not answer the remaining questions]

3. That the Plaintiff should be awarded damages to compensate for a net loss of wages and benefits to the date of trial?

   Answer Yes or No

   If your answer is yes, in what amount?        $

4. That the Plaintiff should be awarded damages to compensate for emotional pain and mental anguish?

   Answer Yes or No

   If your answer is yes, in what amount?        $

5(a) That a higher management official of the Defendant acted with malice or reckless indifference to the Plaintiff's federally protected rights?

   Answer Yes or No

 (b) If your answer is yes, that the Defendant itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace?

Answer Yes or No

 (c) If your answer is yes, what amount of punitive damages, if any, should be assessed against the Defendant? $

**6. ATTORNEYS FEES AND COURT COSTS, ELEVENTH CIRCUIT PATTERN JURY INSTRUCTION 6.1**

 If you find for the Plaintiff you must not take into account any consideration of attorneys fees or court costs in deciding the amount of Plaintiff's damages. The matter of attorney's fees and court costs will be decided later by the Court.

SO SAY WE ALL

                _____
                Foreperson

DATE:_____

Respectfully submitted this the 25th day of July, 2008.

               _/s/ Wallace D. Mills_____
               Wallace D. Mills
               Assistant City Attorney

OF COUNSEL:
City of Montgomery
Legal Division
Post Office Box 1111
Montgomery, Alabama  36101-1111
(334) 241-2050
(334) 241-2310 FAX

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of July, 2008, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

Joseph Charles Guillot, Esq.
McPhillips Shinbaum LLP
P.O. Box 64
Montgomery, AL 36101-0064

and I hereby certify that I have also mailed by United States Postal Service the document to the above-named non-CM/ECF participants:

NONE

/s/Wallace D. Mills

Of Counsel