IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY FITZPATRICK,   ) | |
|     Plaintiff,   ) | |
| ) | |
|     v.   ) | Civil Action No.:2:07-CV-528 |
| ) | |
| CITY OF MONTGOMERY, ALABAMA,   ) | |
|     Defendant.   ) | Date:  July 28, 2008 |

### PLAINTIFF'S REQUESTED JURY INSTRUCTIONS

COMES NOW the Plaintiff in the aforestyled cause, and requests this Honorable Court to present the jury instructions attached hereto, in the trial of this case.

RESPECTFULLY SUBMITTED, this the 28th day of July, 2008.

                                                /s/ Joseph C. Guillot
                                                JOSEPH C. GUILLOT (GUI011)

OF COUNSEL:
**McPHILLIPS SHINBAUM, L.L.P.**
516 South Perry Street
Post Office Box 64
Montgomery, Alabama
(334) 262-1911

### CERTIFICATE OF SERVICE

I hereby certify that this 28th day of July, 2008, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Wallace Mills, Esq.
City of Montgomery Attorney's Office
103 N. Perry Street, Room 200
Montgomery AL 36104

                                                /s/ Joseph C. Guillot
                                                OF COUNSEL

**Title VII - Civil Rights Act and 42 USC § 1981 - Civil Rights Act**
**Race And/Or Sex Discrimination**
**Discharge, Including "Same Decision" Defense**
**Eleventh Circuit Pattern Jury Instructions, 2005 - 1.2.1 and 1.3.1 (Combined)**

In this case the Plaintiff makes a claim under the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of their employment because of the employee's race.

More specifically, the Plaintiff claims that he was disciplined more severely and was ultimately discharged from employment by the Defendant because of the Plaintiff's race.

The Defendant denies that the Plaintiff was discriminated against in any way and asserts that the Plaintiff was discharged for maintenance negligence.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

<u>First</u>:  That the Plaintiff was discharged from employment by the Defendant; and

<u>Second</u>:  That the Plaintiff's race was a substantial or motivating factor that prompted the Defendant to take that action.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's race.  So far as you are concerned in this case, an employer may discharge an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment

for that of the Defendant even though you personally may not favor the action taken and would have acted differently under the circumstances. Neither does the law require an employer to extend any special or favorable treatment to employees because of their race.

On the other hand, it is not necessary for the Plaintiff to prove that the Plaintiff's race was the sole or exclusive reason for the Defendant's decision. It is sufficient if the Plaintiff proves that race was a determinative consideration that made a difference in the Defendant's decision.

If you find in the Plaintiff's favor with respect to each of the facts that the Plaintiff must prove, you must then decide whether the Defendant has shown by a preponderance of the evidence that the Plaintiff would have been dismissed for other reasons even in the absence of consideration of the Plaintiff's race. If you find that the Plaintiff would have been dismissed for reasons apart from the Plaintiff's race, then you will make that finding in your verdict.

If you find for the Plaintiff and against the Defendant on its defense, you must then decide the issue of the Plaintiff's damages:

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury - - tangible and intangible.  Thus, no evidence of the value of such intangible things as emotional and mental anguish has been or need be introduced.  In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage.  There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

      (a)    Net lost wages and benefits to the date of trial.

      (b)    Emotional pain and mental anguish.

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - - that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiff's damages by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

____ Given

____ Not Given

**<u>Pretext</u>**

You may find that Plaintiff's race was a motivating factor in Defendant's decision if it has been proved by a preponderance of the evidence that Defendant's stated reasons for its decision are not the true reasons, but are a "pretext" to mask discriminatory motivation.

Proof that the Defendant's explanation is not credible is one form of circumstantial evidence that is probative of intentional discrimination, and it can be quite persuasive. In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is attempting to cover up a discriminatory purpose.

*Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, (2000) citing *St. Mary's Honor Center* v. *Hicks,* 509 U.S. 502, 517 and *Wright* v. *West,* 505 U.S. 277, 296, 120 L. Ed. 2d 225, 112 S. Ct. 2482.


\_\_\_\_  Given

\_\_\_\_  Not Given

## **<u>Intent</u>**
## **Federal Pattern Jury Instructions, 2001 - §171.26**

Plaintiff Fitzpatrick must show that Defendant intentionally discriminated against Plaintiff Fitzpatrick.  However, Plaintiff is not required to produce direct evidence of intentional discrimination.  Intentional discrimination may be inferred from the existence of other facts.


\_\_\_\_  Given

\_\_\_\_  Not Given

## Retaliation
## Eleventh Circuit Pattern Jury Instructions, 2005 - 1.10.3

The Plaintiff alleges that the Defendant retaliated, that is, took revenge against the Plaintiff because the Plaintiff had previously taken steps seeking to enforce the Plaintiff's lawful rights under Title VII of the Civil Rights Act.

You are instructed that those laws prohibiting discrimination in the work place also prohibit any retaliatory action being taken against an employee by an employer because the employee has asserted rights or made complaints under those laws. So, even if a complaint of discrimination against an employer is later found to be invalid or without merit, the employee cannot be penalized in retaliation for having made such a complaint if you find that the employee made the complaint as a means of seeking to enforce what the employee believed in good faith to be his lawful rights. To establish "good faith," however, it is insufficient for the Plaintiff to merely allege that his belief in this regard was honest and bona fide; the allegations and the record must also establish that the belief, though perhaps mistaken, was objectively reasonable.

In order to establish the claim of unlawful retaliation, therefore, the Plaintiff must prove by a preponderance of the evidence:

<u>First</u>:   That he engaged in statutorily protected activity, that is, that he in good faith asserted objectively reasonable claims or complaints of discrimination prohibited by federal law;

<u>Second</u>:   That an adverse employment action then occurred;

<u>Third</u>:   That the adverse employment action was causally related to the Plaintiff's statutorily protected activities; and

<u>Fourth</u>:   That the Plaintiff suffered damages as a proximate or legal result of such adverse employment action.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

For an adverse employment action to be "causally related" to statutorily protected activities it must be shown that, but for the protected activity, the adverse employment action would not have occurred. Or, stated another way, it must be shown that the protected activity by the Plaintiff was a substantial, motivating cause that made a difference in the Defendant's decision.

On the other hand, it is not necessary for the Plaintiff to prove that the Plaintiff's protected activity was the sole or exclusive reason for the Defendant's decision. It is sufficient if the Plaintiff proves that the protected activity was a determinative consideration that made a difference in the Defendant's decision.

You should be mindful, however, that the law applicable to this case requires only that an employer not retaliate against an employee because the employee has engaged in statutorily protected activity. So far as you are concerned in this case, an employer may discharge or otherwise adversely affect an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendant even though you personally may not approve of the action taken and would have acted differently under the circumstances.

If you find in the Plaintiff's favor with respect to each of the facts that the Plaintiff must prove, you must then decide whether the Defendants have shown by a preponderance of the evidence that the Plaintiff would have been dismissed for other reasons even in the absence of the statutorily protected activity. If you find that the

Plaintiff would have been dismissed for reasons apart from the statutorily protected activity, then your verdict should be for the Defendant.

\_\_\_\_ Given

\_\_\_\_ Not Given

## SPECIAL INTERROGATORIES TO THE JURY

**On the Plaintiff's Race Discrimination claim:**

Do you find from a preponderance of the evidence:

1. That the Plaintiff was disciplined more severely and/or discharged from employment by the Defendant?

    Answer Yes or No    _____

2. That the Plaintiff's race was a substantial or motivating factor that prompted the Defendant to take the action or actions against the Plaintiff?

    Answer Yes or No    _____

[Note: If you answered No to either Question No. 1 or Question No. 2 you need not answer the remaining questions]

3. That the Plaintiff should be awarded damages to compensate for a net loss of wages and benefits to the date of trial?

    Answer Yes or No    _____

    If your answer is Yes,
    in what amount?    $_____

4. That the Plaintiff should be awarded damages to compensate for emotional pain and mental anguish?

    Answer Yes or No    _____

    If your answer is Yes,
    in what amount?    $_____

**On the Plaintiff's Retaliation claim:**

Do you find from a preponderance of the evidence:

1. That the Plaintiff engaged in protected activity by asserting objectively reasonable claims or complaints of discrimination that is prohibited by federal law?

    Answer Yes or No    _____

2. That an adverse employment action then occurred?

    Answer Yes or No  _____

[Note: If you answered No to either Question No. 1 or Question No. 2 you need not answer the remaining questions]

  3.  That the adverse employment action was causally related to the Plaintiff's statutorily protected activities?

    Answer Yes or No  _____

  4.  That the Plaintiff suffered damages as a proximate or legal result of such adverse employment action?

    Answer Yes or No  _____

  5.  That the Plaintiff should be awarded damages to compensate for a net loss of wages and benefits to the date of trial?

    Answer Yes or No  _____

    If your answer is Yes,
    in what amount?  $_____

  6.  That the Plaintiff should be awarded damages to compensate for emotional pain and mental anguish?

    Answer Yes or No  _____

    If your answer is Yes,
    in what amount?  $_____

  SO SAY WE ALL.

_____
Foreperson


Date: _____

<u>**Consideration Of The Evidence**</u>
**Duty To Follow Instructions**
**Governmental Entity Or Agency Involved**
**Eleventh Circuit Pattern Jury Instructions, 2005 - 2.3**

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of that governmental agency.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said

during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

\_\_\_\_    Given

\_\_\_\_    Not Given

**Credibility Of Witnesses**
**Eleventh Circuit Pattern Jury Instructions, 2005 - 3**

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?


____   Given

____   Not Given

**<u>Expert Witnesses</u>**
**General Instruction**
**Eleventh Circuit Pattern Jury Instructions, 2005 - 5.1**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.


\_\_\_\_    Given

\_\_\_\_    Not Given

<u>**Burden Of Proof**</u>
**When Only Plaintiff Has Burden Of Proof**
**Eleventh Circuit Pattern Jury Instructions, 2005 - 6.1**

In this case it is the responsibility of the Plaintiff to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.


\_\_\_\_    Given

\_\_\_\_    Not Given

**Burden of Proof Where Some Jurors Have
Served on Jury in Criminal Case.
Federal Pattern Jury Instructions, 2000 - 104.03**

Those of you who have sat on criminal cases will have heard of "proof beyond a reasonable doubt." The standard of proof in a criminal case is a stricter standard, requiring more proof than a preponderance of evidence [or the clear and convincing standard]. The reasonable doubt standard does not apply to a civil case and you should put that standard out of your mind.

\_\_\_\_   Given

\_\_\_\_   Not Given

## Duty To Deliberate
## When Only The Plaintiff Claims Damages
## Eleventh Circuit Pattern Jury Instructions, 2005 - 7.1

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.


____   Given

____   Not Given