IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LARRY FITZPATRICK, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | Civil Action No.:2:07-CV-528 |
| | ) | |
| CITY OF MONTGOMERY, ALABAMA, | ) | |
|     Defendant. | ) | Date:  July 28, 2008 |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**OBJECTIONS TO EXHIBITS**

COMES NOW the Plaintiff, Larry Fitzpatrick, and presents, as his Response to Defendant's Objections to Plaintiff's Exhibit List, the following:

**Exhibit 3 - Negotiated Settlement Agreement.**  Defendant objects to this exhibit as hearsay. This agreement followed Mr. Fitzpatrick's EEOC complaint regarding race discrimination when he was disciplined more severely than a similarly situated Caucasian employee.  This agreement was entered after two of the alleged maintenance negligence issues had already occurred.  Mr. Fitzpatrick will testify to this agreement as part of his argument that he had an agreement with Defendant, subsequent to two of the alleged incidents of maintenance negligence, for which he was later terminated as part of his proof that these maintenance incidents were not the reasons for his discharge.  It is the fact that there was an agreement, not the truthfulness of the text within the agreement that Mr. Fitzpatrick wishes to present with this exhibit. Therefore, it is not hearsay.  This agreement was also signed by Defendant's agents, who can also verify its authenticity. Rule 1007 Fed.R.Evid.

Defendant also objects to Exhibit 3 on the ground that it is not relevant. Because the agreement was to resolve Mr. Fitzpatrick's EEOC complaint concerning one of the

issues being presented by Defendant, as a legitimate nondiscriminatory reason for Mr. Fitzpatrick's termination, it is most certainly relevant to this case and should be admitted. Rule 402, Fed.R.Evid.

Finally, Defendant objects to Exhibit 3 because, it asserts, the probative value is substantially outweighed by the danger of unfair prejudice to the Defendant, and will serve to mislead the jury or confuse the issues before it, citing Fed.R.Evid. Rule 403. Quite the contrary. Exhibit 3 shows that Mr. Fitzpatrick had an agreement with the Defendant regarding the EEOC complaint. Given that this agreement was after two of the three alleged maintenance negligence issues had occurred, Mr. Fitzpatrick believes these two issues were actually to be part of that agreement. Therefore the probative value of this document is substantial and outweighs any danger of unfair prejudice to the Defendant, it is relevant and it should be admitted. Rule 402 Fed.R.Evid.

Therefore, the Defendant's objection to this Exhibit should be overruled.

**Exhibit 6 - Plaintiff's Response to disciplinary charges, including two memos written by Robert Shuford and one memo written by Rodney Hardy.** Defendant objects to this exhibit as hearsay. Defendant seeks to introduce, as Defendant's Exhibit 1, the Notice of Disciplinary Action, along with an accompanying memo by Mr. Royce Albright. Plaintiff's Exhibit 6, a June 6, 2005 response and the two accompanying memos, were submitted by Mr. Fitzpatrick to his supervisors in response to a previous notice of a disciplinary hearing that was dismissed. It is the fact that Mr. Fitzpatrick submitted a response, not the truth of the text within the agreement that Mr. Fitzpatrick wishes to present with this exhibit. Therefore, it is not hearsay. Once this

response was submitted, no further action was taken on the issue. Therefore, it was reasonable for Mr. Fitzpatrick to believe these incidents had been resolved. Mr. Fitzpatrick will introduce this rebuttal to Defendant's notice of proposed disciplinary action and the attached memos to support his response, as part of his proof that these incidents were not the reasons for his discharge.

Those who provided the memos will be testifying at trial regarding the information presented in their statements. Therefore, any hearsay concerns about these memos will be resolved by their testimonies. Rule 801(d)(1)(b) Fed.R.Evid. Additionally, it is the fact that there was a response, in the form of these documents, not the truth of the text within the response, that Mr. Fitzpatrick wishes to present with this exhibit. These documents are relevant and should be admitted. Rule 402 Fed.R.Evid.

Defendant also objects to Exhibit 6 as hearsay within hearsay. It is the fact that there was a response, in the form of these documents, not the truth of the text within the response, that Mr. Fitzpatrick wishes to present with this exhibit. Therefore, these documents are not hearsay, or hearsay within hearsay. These documents are relevant and should be admitted. Rule 402 Fed.R.Evid. Additionally, those who provided the memos will be testifying at trial regarding the information presented in their statements. Any hearsay concerns about these memos will be resolved by their testimonies. Rule 801(d)(1)(a) and (b) Fed.R.Evid.

Therefore, the Defendant's objection to this Exhibit should be overruled.

**Exhibit 9 - Plaintiff's written statement concerning the brake caliper incident.** Defendant objects to this exhibit as hearsay. Mr. Fitzpatrick intends to

introduce this statement as part of his claim that he provided a written rebuttal to Defendant's allegation regarding the brake caliper incident. It is not presented to prove the truth of the matter asserted in the statement; therefore, the document is not hearsay. Mr. Fitzpatrick will be testifying under oath regarding his response and can verify his statement, thus removing any hearsay concerns regarding the truth and veracity of the statement. Rule 801(d)(1)(b) Fed.R.Evid.

Therefore, the Defendant's objection to this Exhibit should be overruled.

**Exhibit 12 - January 19, 2007 Letter of Determination from the EEOC.**
Defendant objects to this exhibit as hearsay. This letter is offered to show that Mr. Fitzpatrick complied with the statutory requirement to exhaust administrative remedies. This letter is from a federal agency, which presents such letters to complainants in the regular course of its business, which qualifies this exhibit for the public records and reports exception, Rule 803(8)C, Fed.R.Evid. EEOC reports and determinations are generally admissible under the public records and reports exception to the hearsay rule in Fed.R.Evid. 803(8)C, unless the sources of information or other circumstances indicate a lack of trustworthiness. *Andrews-Willman v Paulson*, 2008 U.S. App. Lexis 14682 at Headnote 6. Further, in another Eleventh Circuit case, *Goldsmith v. Bagby Elevator Co.*, the court cited *Barfield v. Orange County, 911 F.2d 644,* in stating that an EEOC determination is ordinarily admissible. It stated that a finding of intentional race discrimination . . . is a finding of fact. Rule 803(8)C explicitly makes such evaluative reports admissible, regardless whether they contain factual opinions or conclusions. *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1288 (11 Cir. 2008).

Defendant also objects to Exhibit 12 because, it asserts, the probative value is outweighed by the danger of unfair prejudice to the Defendant, and will serve to mislead the jury or confuse the issues before it, citing Fed.R.Evid. 403.  In *Goldsmith v. Bagby Elevator Co.*, the court cited *Barfield v. Orange County, 911 F.2d 644,* the Eleventh Ciruit said that the probative value of an EEOC determination ordinarily outweighs any possible prejudice to the Defendant, although there may be some circumstances in which the probative value is trumped by the danger of creating unfair prejudice in the minds of the jury.  Other than a conclusory statement regarding unfair prejudice, the Defendant has not shown any evidence that the prejudice outweighs the probative value of such evidence.  Mr. Fitzpatrick asserts that the probative value of EEOC's cause finding on the issue of discrimination and retaliation is indeed relevant to this case and its probative value outweighs the danger of unfair prejudice.

Therefore, the Defendant's objection to this Exhibit should be overruled.

**Exhibit 19  - Collective exhibit containing technical certificates possessed by Larry Fitzpatrick.**  Defendant objects to this exhibit as hearsay.  Mr. Fitzpatrick will testify as to the truth and veracity of this exhibit, which would cure any hearsay concerns.  Rule 801(d)(1)(b) Fed.R.Evid. These documents are certification of Mr. Fitzpatrick's qualifications and it is this certification, not the truth of the text within the documents, that he wishes to present with this exhibit. Therefore, the certificates in Exhibit 19 are not hearsay.  These documents are certainly relevant to Mr. Fitzpatrick's qualifications as a mechanic and their probative value outweigh any prejudicial effects. Rule 402, Fed.R.Evid.

5

Therefore, the Defendant's objection to this Exhibit should be overruled.

**Exhibit 20 - Statement showing the amount of pension contributions withdrawn by Larry Fitzpatrick from the City's retirement system after his termination.** Defendant objects to this exhibit as hearsay. This document is a printout from the City's retirement system's records, showing his withdrawal of retirement savings. Mr. Fitzpatrick will use this record as part of his proof of damages. This document qualifies for exceptions as a public record, a record of regularly conducted activity and a business record. Rule 803(6) and (8), Fed.R.Evid.

Additionally, Mr. Fitzpatrick asserts that pursuant to the residual exception to hearsay, Exhibit 20 is offered as evidence of a material fact, it is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts, and the interests of justice will best be served by admission of the statement into evidence. Rule 807, Fed.R.Evid

Therefore, the Defendant's objection to this Exhibit should be overruled.

**Exhibit 21 - Medical/Psychiatric records of Larry Fitzpatrick.** Defendant objects to this exhibit as hearsay. These records qualify for the hearsay exception as business records and also a hearsay exception as a record compiled for the purpose of medical diagnosis and treatment. Mr. Fitzpatrick has secured a certified copy of his medical records, which would cure any concerns as to the authenticity of the records. Mr. Fitzpatrick can testify that these are his records. Mr. Fitzpatrick intends to use these records to support his claim for compensatory damages.

The City has been aware of Mr. Fitzpatrick's claim for compensatory damages for

mental anguish and emotional distress since he filed his Complaint. (Doc. 1, pp. 5 and 6) Additionally, in discovery, the City did not inquire about any proof of Mr. Fitzpatrick's compensatory damages, for if it had, it would have received the records he intends to introduce as Exhibit 21 in this case. Further, on May 19, 2008, the Defendant deposed Mr. Fitzpatrick and did not inquire as to his medical records, or even ask any questions as to what his mental anguish and emotional distress claim was about.

Mr. Fitzpatrick filed his Exhibit List on May 30, 2008, in accordance with the Court's Schedule Order. Said List shows Mr. Fitzpatrick 's medical records as Exhibit 21. Since that date, Defendant has not inquired about Mr. Fitzpatrick's medical records. Further, Mr. Fitzpatrick has complied with the provisions of Local Rule 45.2, which states that medical records may be used in court in accordance with the provisions of Ala. Code §§12-21-5 - 12-21-7, except that the attorney requesting the records shall receive them and be responsible for their safekeeping. This Rule also states that the requesting attorney shall make the records available to the opposing party upon request. Mr. Fitzpatrick has requested certified copies of said records from the Central Alabama Veterans Health Care System and has provided the Defendant a copy of them.

According to Rule 803 (4) and 803 (6), statements for purposes of medical diagnosis or treatment, and records of regularly conducted activity are hearsay exceptions and are therefore admissible. The medical records are merely the psychiatrist's records of Mr. Fitzpatrick's comments during his visits. Rule 902 (11) requires that any documentation of regularly conducted activity be certified. The records that will be provided by Mr. Fitzpatrick are certified by the person responsible for

maintaining said records.

After Mr. Fitzpatrick's employment with the City of Montgomery had been terminated, he began to feel depressed, even to the point of having suicidal thoughts. He then decided to seek professional help, and consulted the services of a psychiatrist at the Central Alabama Veterans Health Care System in Montgomery. Mr. Fitzpatrick can testify that these circumstances were a direct result of his termination.

The medical records that Mr. Fitzpatrick seeks to introduce merely document his visits to the VA psychiatrist. Therefore, this Court should Order that Mr. Fitzpatrick be allowed to admit his certified medical records from the Central Alabama Veterans Health Care System at trial.

Defendant also objects to Exhibit 21 because, it asserts, the probative value is outweighed by the danger of unfair prejudice to the Defendant, and will serve to mislead the jury or confuse the issues before it, citing Fed.R.Evid., Rule 403. Other than a conclusory statement regarding unfair prejudice, the Defendant has not shown any evidence that the prejudice outweighs the probative value of such evidence. The probative value of Mr. Fitzpatrick's medical records is indeed relevant to this case, and its probative value outweighs the danger of unfair prejudice, and thus it should be admitted. Rule 402 Fed.R.Evid.

Therefore, the Defendant's objection to this Exhibit should be overruled.

**Exhibits 23 - 28 - Memos and letters written by Robert Shuford and Rodney Hardy.** Defendant objects to this exhibit as hearsay. Defendant also objects to these exhibits as hearsay within hearsay. The two witnesses who provided these exhibits, will

be testifying at trial and can verify their statements in court, thus curing any hearsay concerns. These documents are submitted to show that Mr. Fitzpatrick provided Defendant with evidence to rebut the charges against him, not for the truth of the information within the documents. Given these documents, the Defendant should have known that the alleged incidents of maintenance negligence could not, or would not have occurred as alleged. Rule 402, Fed.R.Evid.

Therefore, the Defendant's objection to this Exhibit should be overruled.

**Exhibit 35 - Disciplinary File of Johnny Ray Smith and Exhibit 36, Entire Personnel File of J. R. Smith.** Defendant objects to these exhibits as hearsay. This documents, or compilation of documents, are the disciplinary file of Johnny Ray Smith, and his entire personnel file, which the Plaintiff received from the Defendant in discovery. These exhibits are offered to demonstrate that Johnny Ray Smith was not disciplined as severely as similarly situated African American employees. Johnny Ray Smith will testify at the trial of this case and any hearsay concerns would be resolved by his testimony. Additionally, Mr. Smith's disciplinary and personnel records would come under the residual exception to hearsay, Rule 807, Fed. R. Evid.

Defendant also objects to Exhibits 35 and 36 because, it asserts, the probative value is outweighed by the danger of unfair prejudice to the defendant, and will serve to mislead the jury or confuse the issues before it, citing Fed.R.Evid. 403. Because Johnny Ray Smith, a Caucasian, is the primary comparator in this case, and Mr. Fitzpatrick claims that he was disciplined more severely than Mr. Smith, Smith's disciplinary records and personnel records are relevant and the probative value clearly

9

outweighs any potential prejudicial effect of these documents. Rule 402, Fed.R.Evid.

Therefore, the Defendant's objection to this Exhibit should be overruled.

**Exhibit 37 - Job Application and resume of Royce Albright.** Defendant objects to this exhibit as hearsay. This document is the application Mr. Albright submitted when he applied for employment as the shop foreman of the City Garage. Mr. Albright will testify at the trial of this case and can verify his job application, thus curing any hearsay concerns. Further, this application is a record of regularly conducted activity by the Defendant and is also a public record. Therefore it would qualify for exceptions under Rules 803(6) and (8), Fed.R.Evid. The City offers Mr. Albright as an expert in the area of mechanics and this document will be used in the questioning of Albright about his qualifications. Thus, Mr. Albright's application will be relevant to his qualifications and should be admitted.

Therefore, the Defendant's objection to this Exhibit should be overruled.

**Exhibit 38 - Audiotape of conversations between Eugene Knox, Roy Wilson, and Donald White.** Defendant objects to this exhibit as hearsay. These conversations were taped by Mr. Eugene Knox in the course of an investigation into racially discriminatory actions at the City Garage and are highly probative of the discriminatory motive of supervisors at the City Garage. Mr. Knox is one of Defendant's witnesses and he created the recording. Therefore, Mr. Knox will be able to testify to the authenticity of said audiotape, thus resolving any hearsay concerns. The audiotape concerns certain employees' comments about the unfair treatment of black employees, including Mr. Fitzpatrick. The recording also refers to the discriminatory treatment of blacks by City

Garage supervisory officials and their tendency to favor Caucasian employees. Rule 402, Fed.R.Evid

Therefore, the Defendant's objection to this Exhibit should be overruled.

Respectfully submitted on this the 28th day of July, 2008.

/s/ Joseph c. Guillot
Joseph C. Guillot (GUI011)
Attorney for Mr. Fitzpatrick

**OF COUNSEL:**
**McPhillips Shinbaum, L.L.P.**
516 South Perry Street
Montgomery, Alabama 36104
(334) 262-1911
(334) 263-2321 - Fax

## CERTIFICATE OF SERVICE

I hereby certify that this 28th day of July, 2008, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Wallace Mills, Esq.
City of Montgomery Attorney's Office
103 N. Perry Street, Room 200
Montgomery AL 36104

/s/ Joseph C. Guillot
OF COUNSEL