**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

July 29, 2008

# NOTICE OF CORRECTION

From:   Clerk's Office

Case Style:   Fitzpatrick v. City of Montgomery, Alabama

Case Number:   2:07cv00528-WHA

**This Notice of Correction was filed in the referenced case this date to attach the corrected PDF documents previously attached to include electronic signatures.**

**The corrected PDF documents are attached to this notice for your review.   Reference is made to documents # 39 and # 40   filed on    July 28, 2008.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **LARRY FITZPATRICK,**  Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No.:2:07-CV-528 |
| **CITY OF MONTGOMERY, ALABAMA,** Defendant. | ) ) ) ) |
| | ) Date:  July 28, 2008 |

## PLAINTIFF'S REQUESTED VOIR DIRE

Comes now the Plaintiff in the above styled cause, and requests this Honorable Court to allow Plaintiff's Attorney to inquire of the potential juniors as follows:

1. Do any of you, or any member of your immediate family, know Mr. Wallace Mills or Mr. Michael Boyle, the attorneys who represent the City of Montgomery in this case?

2. Do any of you know any other potential juror in the courtroom? If so, who and what is your relationship?

3. Do any of you own your own business?

4. Have any of you or any member of your family ever filed a grievance? What was the outcome?

5. Have any of you or any member of your family had an employee file a discrimination complaint against the company for which you work?

6. The defendant in this case is the City of Montgomery.  Do you, or does the company for which you work, do business with the City?

7. Do you or any member of your family have any other financial interest in the City?

  8. Do any of you know any of the witnesses, or their immediate families, who will or may be called to testify in the case? These witnesses are:

| | | | | |
|---|---|---|---|---|
| A. | Larry Fitzpatrick | | K. | Jerry Young |
| B. | Zella Fitzpatrick | | L. | Terry Gaddis |
| C. | Robert Shuford | | M. | Eugene Knox |
| D. | Donald White | | N. | Royce Albright |
| E. | Rodney Hardy | | O. | Johnny Ray Smith |
| F. | Charlie Crum | | P. | Michael Briddell |
| G. | Gregory Johnson | | Q. | Mayor Bobby Bright |
| H. | Roy Wilson | | | |
| I. | Mark Jordan | | | |

J. Michael Moore

  9. Do any of you believe race discrimination is a thing of the past, or that it no longer exists?

  10. Are any of you tired of hearing complaints of race discrimination?

  11. Are any of you inclined to believe what a city official says, merely because that person is a city official?

  12. Are any of you against lawsuits as a matter of principle?

  13. Do you believe that an employer's firing of an employee can cause that employee to suffer mentally or emotionally?

  14. Would you be unable, due to personal beliefs, to award a substantial amount of money to Mr. Fitzpatrick, if there is proof of wrongdoing by the City and evidence of loss of earnings and/or emotional damages?

15. Would any of you be unable to award substantial damages to Mr. Fitzpatrick because you believe the City is financially unable to pay?

16. Have any of you ever fired anyone?

17. Have any of you ever been involved in the decision to fire someone?

18. Have any of you or any member of your family ever been fired from a job?

19. Do any of you believe it is permissible for the City of Montgomery to use race as a factor in deciding to discipline or to discharge an employee?

20. Is there any reason why you could not be fair and impartial to the parties on both sides of this lawsuit?

Respectfully submitted, this the 28th day of July, 2008.

/s/ Joseph C. Guillot
Joseph C. Guillot
Attorney for Plaintiff

OF COUNSEL:
McPhillips Shinbaum L.L. P.
516 S. Perry Street
P.O. Box 64
Montgomery, AL 36101
(334) 262-1911

**CERTIFICATE OF SERVICE**

I hereby certify that this 28th day of July, 2008, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Wallace Mills, Esq.
City of Montgomery Attorney's Office
103 N. Perry Street, Room 200
Montgomery AL 36104

/s/ Joseph C. Guillot
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY FITZPATRICK,      ) | |
|     Plaintiff,      ) | |
| ) | |
| v.      ) | Civil Action No.:2:07-CV-528 |
| ) | |
| CITY OF MONTGOMERY, ALABAMA,   ) | |
|     Defendant.      ) | Date:  July 28, 2008 |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION IN LIMINE**

COMES NOW the Plaintiff, Larry Fitzpatrick (hereinafter Mr. Fitzpatrick) and presents as his Opposition to Defendant's Motion in Limine, the following:

**I.  Unnamed Comparators.**

Mr. Fitzpatrick acknowledges that he made reference to Johnny Ray Smith in his Complaint.  He also acknowledges that he made reference to Kenny Smith in his Opposition to Summary Judgment.  Mr. Fitzpatrick is not limited to presenting only the comparator listed in his Complaint, as alleged in Defendant's Motion in Limine.  Mr. Fitzpatrick and several of his co-workers will present testamentary evidence that Johnny Ray Smith, Kenny Smith and others were treated more favorably than African American employees in terms of discipline as well as promotions.

To prove the disparate treatment form of discrimination, Mr. Fitzpatrick must show that he was treated differently, less favorably than *other employees,* (not just *one* person), who are not of his same race.  *Anderson v. Savage Laboratories, Inc.*, 675 F.2d 1221, 1224 (11 Cir. 1982)  It will be Mr. Fitzpatrick's burden to prove that he was treated less favorably than similarly situated *employees* not of his protected class.  He is not limited to showing only that one comparator, Johnny Ray Smith, was treated more

favorably. Therefore, he will show that Johnny Ray Smith, Kenny Smith, and other Caucasian employees were treated more favorably.

Defendant claims that no discovery was conducted regarding the claim that Kenny Smith was treated more favorably. However, following the submission of dispositive motions and response briefs, the parties conducted depositions on May 19, 2008. Defendant deposed witnesses regarding other incidents of discrimination and other comparators. Defendant deposed Rodney Hardy about discriminatory incidents against himself and Mr. Fitzpatrick. Hardy referred to William Pierce, Steve Stamps and Johnny Ray Smith as Caucasian employees who were treated more favorably than Hardy was treated in disciplinary situations. Also, at deposition, Greg Johnson, claimed Caucasian Kenneth Bonds was treated more favorably than he was in a disciplinary situation. Greg Johnson also testified that he was denied promotion on four occasions, and white employees were selected in three of those four incidents. At deposition, Robert Shuford testified that Don Knight, Roy Wilson, and Kenny Smith, all of whom are Caucasians, were treated more favorably in disciplinary situation comparable to Mr. Fitzpatrick.

Defendant was well aware that there were other comparators to Mr. Fitzpatrick, and Defendant was afforded ample opportunity to conduct discovery on the issue of other comparators. Therefore, Defendant's Motion to disallow Mr. Fitzpatrick from offering testimony about other comparators and other incidents of discrimination, because said comparators were not named in his Complaint, should be denied.

**II. Johnny Ray Smith.**

The City appears to claim that, because Johnny Ray Smith used a racially

derogatory term to a management official, and was given a mere four-day suspension for that remark, Mr. Fitzpatrick should be prevented to referring to that remark in the presentation of his case. This case is about race discrimination. The fact that Johnny Ray Smith, who is the primary comparator in this case, would make a racially discriminatory statement, and be allowed to remain employed, is relevant as to the racial environment at the City Garage. Thus, such evidence is relevant and admissible according to Rule 402, Fed.R.Evid, and Mr. Fitzpatrick should not be prevented from presenting evidence of Mr. Smith's comment at the trial of this case.

### III. Unidentified Experts

The Defendant has also moved this Court to prevent Mr. Fitzpatrick from presenting expert testimony, or documentary evidence, regarding his treatment for psychological problems. Mr. Fitzpatrick does not intend to call the psychiatrist as a witness in this case; however, he does intend to present documentary evidence of his visits to a staff psychiatrist at the Central Alabama Veterans Health Care System.

The City alleges that Mr. Fitzpatrick has not alleged that he suffered from a mental ailment and, therefore the Defendant has not had an opportunity to conduct discovery thereon. The City has been aware of Mr. Fitzpatrick's claim for compensatory damages mental and emotional damages since he filed his Complaint. Mr. Fitzpatrick's Complaint, at paragraphs 26 and 31, clearly claims compensatory mental and emotional damages. (Doc. 1) The Defendant had ample opportunity to conduct discovery on Mr. Fitzpatrick's compensatory damages claim, but it did not inquire about any proof of his compensatory damages in written discovery, for if it had, it would have received the records Mr. Fitzpatrick intends to introduce as Exhibit 21 in this case. Additionally, on

May 19, 2008, the Defendant deposed Mr. Fitzpatrick and could have, but did not inquire as to his medical records to support his mental and emotional damages claim.

On May 30, 2008, Mr. Fitzpatrick filed his Exhibit List, pursuant to this Court's Schedule Order, listing his psychiatric records from the Central Alabama Veterans Health Care System, which will be used to support his claim for mental and emotional damages. It was only then that the Defendant realized that it had not conducted discovery on Mr. Fitzpatrick's mental and emotional damages claim.

After Mr. Fitzpatrick's employment with the City of Montgomery was terminated, he began to feel depressed, even to the point of having suicidal thoughts. In August of 2006, he decided to seek professional help, and consulted the services of a psychiatrist at the Central Alabama Veterans Health Care System in Montgomery. Mr. Fitzpatrick can testify that these circumstances were a direct result of his termination.

The medical records, that Mr. Fitzpatrick seeks to introduce, document his visits to the VA psychiatrist. Therefore, this Court should Order that Mr. Fitzpatrick be allowed to admit his certified medical records from the Central Alabama Veterans Health Care System at trial.

According to Rule 803 (4) and 803 (6), statements for purposes of medical diagnosis or treatment, and records of regularly conducted activity are hearsay exceptions and are therefore permissible. The medical records are merely the psychiatrist's records of Mr. Fitzpatrick's comments during his visits. Rule 902 (11) requires that any documentation of regularly conducted activity be certified. These records are certified by the custodian of the Central Alabama Veterans Health Care System's medical records section.

Local Rule 45.2 allows that hospital records be subpoenaed and used in court in accordance with the provisions of Ala. Code §§ 12-32-5 through 12-21-7 (1975 & 1995), the provisions of which are hereby adopted and incorporated herein, except that the attorney requesting such records shall, as an officer of the court, receive the subpoenaed records and shall be responsible for their safekeeping.  Prior notice of such subpoena shall be served on all parties.  Such attorney shall make the records available to opposing parties upon request and make prompt payment to the medical provider for the reasonable cost of reproducing the records.  Mr. Fitzpatrick has provided certified copies of his medical records to the Defendant in accordance with Local Rule 45.2.

Therefore, the Defendant's motion regarding Mr. Fitzpatrick's medical records should be denied and these medical records should be admissible as evidence at the trial of this case.

**IV.  Reports of Tampering by Other Employees**

Mr. Fitzpatrick has asserted that *he and others* were victims of tampering with their work.    Defendant appears to assert that only *others* were victims of such tampering.  In his Opposition to Defendant's Motion for Summary Judgment, Mr. Fitzpatrick presented evidence that he and Donald White had experienced tampering with their work.  (Doc. 20, pp. 6, 7)  Mr. Fitzpatrick was accused of three maintenance infractions, at least two of which he claims were the likely result of tampering with his work.  Management officials' awareness of the tampering claims, and their failure to take action or even consider these tampering claims in their decision to take disciplinary action would be relevant as to the motives of these management officials.

Evidence of tampering by Mr. Fitzpatrick and others, and management officials awareness of said tampering, is relevant to show that Mr. Fitzpatrick was not negligent in the vehicle maintenance he performed and is also relevant as to the proof of pretext. Rule 402, Fed.R.Evid,  Therefore, Defendant's motion regarding tampering should be denied and Mr. Fitzpatrick should be allowed to present this evidence at the trial of this case.

**V.  Pattern and Practice**

Defendant claims that because Mr. Fitzpatrick has made a disparate treatment claim of discrimination, he should not be allowed to present incidents in which other employees were treated in a discriminatory manner.  Mr. Fitzpatrick does not have any argument with the well-settled case law cited, regarding the proof of a race discrimination case.  Mr. Fitzpatrick will indeed have the burden of showing that the actions taken against him were motivated by intentional discrimination.  The problem is that Defendant's case law does not stand for the premise for which it is presented.

In fact, the case of *McDonnell Douglas v. Green*, cited by the Defendant, provides that the Plaintiff is "entitled to a full and fair opportunity to demonstrate by competent evidence that the reason for the Plaintiff's rejection was in fact a coverup for a racially discriminatory reason."  The court stated that it would be especially relevant if "other white employees" who were involved in the same activity were either retained or rehired. *McDonnell Douglas v. Green*, 411 U.S. 792, 804.   The Supreme Court did not limit the Plaintiff to showing that one comparator was treated more favorably.

*Anderson v. Savage Laboratories*, 675 F.2d 1221, cited by the Defendant, does

not mention the statement cited, nor does this case stand for the premise that evidence of treatment of others within plaintiff's protected class is not probative of whether plaintiff's race was a determinative factor in an employee's decision to fire him. Neither this case, nor *McDonnell Douglas* cited above, in any way limit the Plaintiff from showing how other black employees were treated as compared to similarly situated white employees.

Also, Defendant cites *Haring v. CPC International*, 664 F.2d 1234, for the premise that it is treatment of the Plaintiff, not treatment of others that is the ultimate issue at trial. While Mr. Fitzpatrick would agree with that statement, it is not found *Haring* and that case does not stand for that premise. In fact, in *Haring*, CPC objected to a jury instruction that would permit the jury to infer discrimination from a pattern or practice or age discrimination. The court of appeals said that whether or not there was a pattern of discrimination was a jury question and that there was no error in the instruction. *Haring v. CPC International*, 664 F.2d 1234, 1240 (5th Cir. 1981) Therefore, if the Court gave such an instruction, it is likely that evidence of other incidents of discrimination were presented by other employees to show such a pattern.

Mr. Fitzpatrick will introduce testimony evidence by several African American City Garage employees, who will confirm that similarly situated Caucasians were treated more favorably than they, and more favorably than Mr. Fitzpatrick, in regard to disciplinary actions. This is highly probative of the motives of management officials' racial animus toward Mr. Fitzpatrick. Otherwise, once Mr. Fitzpatrick proves pretext, the Defendant will assert that management officials took action against him, not because of

his race, but because they just did not like him.

Defendant has noted that this is a disparate treatment case. In a disparate treatment situation, the employer simply treats **some people less favorably than others** because of their race. Proof of discriminatory motive is critical, although it can in some situations be inferred from the mere fact of differences in treatment. *Osahar v. Carlin*, 642 F. Supp. 448, 455, (S.D. Fla., 1986) Mr. Fitzpatrick intends to provide evidence that he and other black employees were treated less favorably than similarly situated Caucasian employees.

Courts have considered the atmosphere of racial tension and animosity existing in the workplace as relevant background information as to whether Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e, liability exists. *Osahar v. Carlin*, 642 F. Supp. 448, 455, (S.D. Fla., 1986)

Also, in *Osahar v. Carlin*, the court allowed statistical evidence of promotions of white employees versus black employees to be considered by the jury in a plaintiff's disparate treatment case. In that case, a plaintiff's statistical evidence as to promotion time for black employees as compared to white employees is also of evidentiary value in making out plaintiff's disparate treatment case. It is clear law the 11th Circuit that statistics as to racial composition of defendant's workforce must be considered in judging intentional allegations of discrimination. This statistical evidence as well as the evidence of racial tension and animosity is, however, by no means crucial to the court's ultimate conclusion as to the disparate treatment claim. *Osahar v. Carlin*, 642 F. Supp. 448, 455, (S.D. Fla., 1986) This case, from the Southern District of Florida, indicates

8

that other incidents of discrimination against other employees is relevant to the Plaintiff's disparate treatment case.

In *Goldsmith v. Bagby Elevator Co.*, the court referred to evidence of *other* employees complaints of discrimination as "me too" evidence. The Eleventh Circuit said that "me too" evidence was admissible under Rule 404(b) to prove the intent of the Defendant to discriminate and retaliate. *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1286 (11 Cir. 2008).

Even though Mr. Fitzpatrick may not have used the words "pattern and practice" in his Complaint or in his briefs, he should still be able to show that the Defendant's management officials' treatment of himself, and other African Americans, was discriminatory against them, due to their race. Such discriminatory treatment of other African Americans is highly relevant to these officials' racial animus and goes directly to the proof of race discrimination by circumstantial evidence and the proof of pretext. Rule 403, Fed.R.Evid. Therefore, the Defendant's motion to disallow testimony regarding other discriminatory incidents should be denied.

### VI.  Findings by the Equal Employment Opportunity Commission

Finally, the Defendant seeks to prevent Mr. Fitzpatrick from commenting or producing evidence of the EEOC Letter of Determination, Plaintiff's Exhibit 12, dated January 19, 2007. Such letter is relevant and probative of discriminatory practices at the City Garage and should be admissible. EEOC reports and determinations are generally admissible under the public records and reports exception to the hearsay rule

in Fed.R.Evid. 803(8)C, unless the sources of information or other circumstances indicate a lack of trustworthiness. *Andrews-Willman v Paulson*, 2008 U.S. App. Lexis 14682 at Headnote 6. Further, in another Eleventh Circuit case, Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, the court cited *Barfield v. Orange County, 911 F.2d 644,* in stating that an EEOC determination is ordinarily admissible. It stated that a finding of intentional race discrimination . . . is a finding of fact. Rule 803(8)C explicitly makes such evaluative reports admissible, regardless whether they contain factual opinions or conclusions. *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1288 (11 Cir. 2008).

Therefore, this Court should deny the Defendant's request to have the EEOC letter of determination excluded as evidence at the trial of this case.

## CONCLUSION

The foregoing considered, this Court should deny each and every issue resented in Defendant's Motion in Limine.

Respectfully submitted on this the 28th day of July, 2008.

/s/ Joseph C. Guillot
Joseph C. Guillot (GUI011)
Attorney for Mr. Fitzpatrick


**OF COUNSEL:**
**McPhillips, Shinbaum & Gill, L.L.P.**
516 South Perry Street

Montgomery, Alabama 36104

(334) 262-1911

(334) 263-2321 - Fax

## CERTIFICATE OF SERVICE

I hereby certify that this 28th day of July, 2008, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Wallace Mills, Esq.

City of Montgomery Attorney's Office

103 N. Perry Street, Room 200

Montgomery AL 36104

/s/ Joseph C. Guillot

OF COUNSEL