IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY FITZPATRICK,<br><br>        Plaintiff,<br><br>vs.<br><br>CITY OF MONTGOMERY,<br><br>        Defendant | )  Case No.: 2:07-CV-528<br>)<br>)  **CITY OF MONTGOMERY'S RESPONSE**<br>)  **TO PLAINTIFF'S MOTION *IN LIMINE***<br>)<br>)<br>)<br>)<br>)<br>) |

COMES NOW the defendant City of Montgomery, by and through undersigned counsel, and in response to the Plaintiff's Objection to Defendant's Exhibits, says as follows:

**1. 1999 Drug Test, Past Disciplinaries**. Plaintiff seeks an order from this Court restricting the Defense from commenting on or referring to Fitzpatrick's past disciplinaries, including the results of a failed 1999 drug test. So restricting the defense would (1) deny the City of Montgomery the opportunity to present its legitimate, non-discriminatory reason for terminating the plaintiff, and (2) deny it the opportunity to show why the comparator was not similarly situated.

The City of Montgomery observes a progressive disciplinary policy wherein the number and type of past disciplines are used to determine the level and degree of punishment given an employee for an infraction. The purpose of the progressive disciplinary policy is to allow employees ample opportunity to correct undesirable behavior. Larry Fitzpatrick was terminated—rather than being counseled or suspended—because he had been formally reprimanded or counseled on nine (9) prior occasions and had been suspended on two (2) prior occasions. The City intends to present to the jury, in order to show that the comparator in this case is not similarly situated, that Mr. Fitzpatrick had more past disciplinary actions than did the

comparator; that those past disciplinaries taken in context with the progressive disciplinary policy was the deciding factor in and the reasoning behind the decision to terminate him.

As to the argument that he was not terminated because of these prior incidents, when Mr. Fitzpatrick was first served with notice of his due process hearing before the Mayor, he was presented with a Recommendation for Disciplinary Action, which the defense intends to have admitted into evidence as Exhibit 1. That notice specifically states that his past disciplinaries would be considered and, by attachment, those past disciplinaries were listed, including the 45 day suspension in 1999 for violating the City's drug and alcohol abuse policy. (Exhibit 1). The past disciplinary history, therefore, is and always has been a major element in the decision to terminate.

**2. Photographic Evidence of Maintenance Negligence**. Plaintiff also seeks to have the defense restricted from commenting on or offering the photographic evidence of the maintenance infractions for which Plaintiff was disciplined. This evidence goes to the heart of the case. It is objective proof that damage was done to city property, and, therefore, evidence showing that the City did not concoct the reason for the discipline to cover up an otherwise pretextual firing. As to authentication, the City will have one or more witnesses who will testify not only that the photographs correctly and accurately depict what they saw, but also that the parts which were photographed were taken into the custody of the witness and locked away for safe keeping between the time of the discovery of the subject incident and the time that the photographs were taken. If the plaintiff has evidence that something may have happened before the photographs were taken to change the way the damage appears, that information is proper for cross-examination or rebuttal.

     **3. Videotape Showing Assembly of Brake Caliper**. Plaintiff will not offer or present the complained-of video, listed as Exhibit 14 in the City of Montgomery's Exhibit List, at the trial of this case.

     Respectfully submitted,

                                             /s/ Wallace D. Mills
                                             Wallace D. Mills (MIL 090)
                                             Attorney for City of Montgomery

OF COUNSEL:
City of Montgomery Attorney's Office
103 North Perry St., Rm. 200
Montgomery, AL 36104
(334) 241-2050

## CERTIFICATE OF SERVICE

     I hereby certify that on the 30th day of July, 2008, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

          Joseph Charles Guillot, Esq.
          McPhillips Shinbaum LLP
          P.O. Box 64
          Montgomery, AL 36101-0064

and I hereby certify that I have also mailed by United States Postal Service the document to the above-named non-CM/ECF participants:

                                             /s/ Wallace D. Mills
                                             OF COUNSEL

PER FORM 32
Revised 10/04

DEFENDANT'S EXHIBIT 1

# RECOMMENDATION FOR DISCIPLINARY ACTION

Employee: Larry Fitzpatrick

Address: 5137 Newbury Lane, Montgomery, AL 36108

Date: 1/13/06

You are herewith notified that I am recommending that you be:

- [ ] Suspended for _____ days
- [X] Dismissed
- [ ] Demoted from _____ to _____

The reasons for this recommendation are: (List all charges - attach additional sheets as required)

See Attached Sheets

See Attached.

Previous Record Considered (Chronological list of prior offenses and action taken)

See Attached Sheets

See Attached.

[X] Transcripts of hearing attached

A hearing will be set by the Appointing Authority to consider this recommendation and the charges. You will be given the opportunity to respond to the recommendation and these charges at this hearing. You will be notified in writing of the hearing date and your rights at said hearing.

_____
Supervisor/Department Head

I hereby certify that this document was given to the employee ~~or placed in the United States mail~~ on

Jan 13, 2006
month / day / year

_____
Supervisor/Department Head

_____
Witness

Recommendation for Disciplinary Action for Larry Fitzpatrick

I have carefully reviewed the witness statements which you provided to me on December 19, 2005, rather than on the original deadline of December 16, 2005.

After this review, I have concluded that the statements do not provide any factual evidence as I requested (i.e. who, what, when or where). The statements merely indicate what each individual thinks or suspects is happening. You have provided me with nothing that proves beyond a shadow of doubt your claim that some person or persons are sabotaging your completed work on vehicles.

I have given you ample time and numerous chances to provide me with any type of factual evidence regarding your contentions that your work is being sabotaged.

After considering the severity and possible consequences of your failure to properly install the rear brake caliper on Police vehicle 6210-2950 as stated in the original charges, coupled with the previous maintenance malpractice actions of November 8, 2004 (failure to install the hat-shaped seal on the fuel tank of Police vehicle 6210-2986) and of the second week of December, 2004 (failure to tighten the wheel lug nuts when replacing the wheel on vehicle 5800-2484, causing the wheel to become loose when the vehicle was operated on the City Lot), any of which could easily have resulted in major damage to City property or worse, serious personal injury/death and your past disciplinary record, I am recommending your termination from employment with the Fleet Management Department and the City of Montgomery.

_____          _____
Terry H. Gaddis, Director                              Date
Fleet Management Department

## PREVIOUS RECORD CONSIDERED FOR LARRY G. FITZPATRICK

**Derogatory Information:**

| | |
|---|---|
| 25 October 2004- | Verbal Counseling for inappropriate behavior during incident on City Lot and for insubordination. |
| 29 October 2002- | Five day suspension for failure to begin work immediately after clocking in for duty on or about 18 October 2002, and also on the same day, insubordinate behavior toward his shop superintendent. |
| 4 February 2000 – | Verbal Reprimand by the Director per the Shop Forman's request for failure to give adequate notice per Departmental Operating Instruction #6 for requesting leave to attend son's ball game. |
| 9 April 1999 – | 45-day suspension without pay for 1st violation of the City's Drug Policy (testing positive for an illegal drug, marijuana, as a result of a work related injury by a urine drug screen). |
| 11 March 1999 – | Verbal Counseling by the Director for failure to clock-out when leaving work on 10 March 1999 as per Departmental Operating Instruction #8. |
| 3 October 1996 – | Letter of Reprimand for failure to call in prior to his shift start time to state he would be late for work. |
| 13 October 1995 – | Letter of Counseling for inappropriate conduct in the workplace. |
| 28 September 1995 – | Letter of Counseling for excessive unscheduled absenteeism from work. |
| 19 October 1994 – | Letter of Reprimand for unauthorized use of a City vehicle. |
| 24 January 1994 – | Letter of Reprimand for failure to clock out at the end of his duty shift. |
| 18 March 1991 – | Letter of Reprimand for failure to clock out at the end of his duty shift. |

**Achievement Information**

| | |
|---|---|
| 19 October 2005- | Carquest Training on Enhanced OBD-II Using Mode $06 |
| 24 August 2005- | Carquest Training on Developing Diagnostic Strategies for OBD-II No Starts |

10 December 2003-     Carquest Training on Automatic Transmission Operation

23 February 1999 –     Carquest training on Automotive Electronic Climate Control

1 December 1998 –     Carquest training on GM Engine Management

29 February 1996 –     OEM training on Automotive Heating and Air Conditioning

8 February 1996 –     Letter of Commendation for work of rebuilding the Police Department's floor dolly

29 July 1994 –     Caterpillar Diesel Engine Training

28 December 1993 –     MACS Automotive Air Conditioning Training