# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

LARRY FITZPATRICK,

          Plaintiff,

    vs.

CITY OF MONTGOMERY,

          Defendant

)
)
)
)
)
)
)
)
)
)

Case No.: 2:07-CV-528

**CITY OF MONTGOMERY'S RESPONSE TO PLAINTIFF'S OBJECTION TO DEFENDANT'S EXHIBITS**

COMES NOW the defendant City of Montgomery, by and through undersigned counsel, and in response to the Plaintiff's Objection to Defendant's Exhibits, says as follows:

**1. Defendant's Exhibit 1**.  Plaintiff objects to the third and fourth pages of the Recommendation for Disciplinary action labeled "Previous Record Considered for Larry Fitzpatrick" on the grounds that the document is not relevant as required by Fed. R. Evid. 402, and that it would unduly prejudice the plaintiff as addressed in Fed. R. Evid. 403.  (Exhibit 1, Recommendation for Disciplinary Action with attachments).[1]

In his argument as to whether the document is relevant to a material fact at issue, Plaintiff incorrectly asserts that he was "not terminated for these incidents."  The City of Montgomery has a progressive disciplinary policy whereby the degree of discipline for any infraction is based upon the employee's disciplinary history.  The employee is generally first given a verbal or written reprimand and an opportunity to correct his actions or behavior.  If it continues, the employee will be suspended, usually beginning with three days.  If the employee continues to

---

[1] For clarity, Defendant has attached each exhibit to this response, maintaining the same exhibit number as that shown on Defendant's Exhibit List.

present problems, the discipline will be increased for subsequent occurrences to include up to 45 days suspension or termination.

The policy's use is shown on the front page of the Recommendation for Disciplinary Action. The pre-printed form contains the words "Previous Record Considered" and a space to write those down. In this case, the space was filled with the instructions to "See Attached Sheets." (Exhibit 1).

The degree of discipline being very much at issue in this case—particularly to determine whether the plaintiff was treated differently than his comparator—it is indispensible to the City of Montgomery's case to show that the harshness of the discipline was based almost entirely upon the plaintiff's expansive disciplinary history. In short, the plaintiff *was* terminated because of his prior acts. Had he only committed one act of negligent maintenance, he almost surely would not have been terminated.

The material, therefore, is relevant to show that the comparator is not similarly situated to the plaintiff. As to whether it would prejudice the plaintiff, it is the earnest hope of the defense that it will. The prejudice, though, will not be unfair. More importantly, any prejudice will be outweighed by the substantial probative value of the material. Fed R. Evid. 403.

**2. Defendant's Exhibit 6**. Exhibit 6 is an Employee Counseling Record, or reprimand, which documents that the Plaintiff was insubordinate and truculent during a counseling session in which he was being counseled for taking part in an altercation in the parking lot. (Exhibit 6). It is relevant to Defendant's case in two ways: First, the altercation at issue was engaged in by the plaintiff with the person identified by him as his comparator—Johnny Ray Smith. Plaintiff has alleged that he was treated more harshly than Smith after that particular incident by way of the discipline metted out. The document is probative to show *why* he was treated differently—

because he was insubordinate in the counseling session in which both he and Smith were originally counseled for the altercation, and Smith was not. Second, it is relevant to the defendant's showing of a legitimate, non-discriminatory reason for his termination because his prior disciplinary history was determinative of the level of discipline imposed for his most recent act of negligent maintenance.

As to Plaintiff's exhortation that the document was not presented to the plaintiff, Royce Albright will testify that the form was presented to the plaintiff on the date that it bears to document the counseling session which occurred commensurate with its presentment; that the plaintiff refused to sign the form, and his behavior became even more insubordinate, and that this was part of the reason that plaintiff was required to undergo a psychological assessment—an action which Plaintiff will offer to the jury to support his contention that he was treated disparately. The document in question is a business record which documents why he was not similarly situated with his comparator.

**3. Defendant's Exhibits 9, 10, 11**. Exhibits 9, 10, and 11, are photographs of the damaged brake caliper assembly, brake rotor, and wheel which occurred as a result of the last act of negligent maintenance for which the plaintiff was terminated. (Exhibits 9, 10, 11). It is relevant to and probative of the City of Montgomery's contention that Fitzpatrick's firing was not a pretextual firing. The photographs of the damaged parts will be offered to show that Plaintiff's failure to properly install the parts did, in fact, result in damage to City property, and the reasons for the firing were not made up to explain away an otherwise impermissible firing.

Specifically, Plaintiff objects on the grounds that the photos have not been authenticated. For obvious reasons, authentication cannot be accomplished until a witness is put on the stand at trial. The City of Montgomery expects for its witness to testify that the photographs correctly

and accurately reflect the parts as he saw them on the day the photos were taken, and although unnecessary, by whom the photos were taken.

Plaintiff also alleges that the admission of the exhibits would be misleading or unduly prejudicial to him; that there is nothing to show the time relationship between the negligent act and the taking of the photographs.  Defendant expects its witness to testify that the photos were taken at or near the time of the discovery of the damage.  As to the plaintiff's argument that damage may have occurred to the parts afterward, that is appropriate ground for his rebuttal.

**4.  Defendant's Exhibit 12**.  Exhibit 12 is a collection of photographs showing damage to wheel lug nuts caused by Plaintiff's failure to install the lug nuts.  They also show the type of wheel and how it's mounted, which will become important when the experts testify about whether or not the vehicle could be driven with one or two lug nuts installed.  Here again, authentication will be made at trial.  Plaintiff alleges that the photos do not accurately depict the damage immediately after the accident.  That is no more than speculation at this point, because Plaintiff has failed to show how or why the damage has been altered since immediately after the incident—if, indeed, they were not taken immediately after, which is another yet un-proven point.  The point here is that the plaintiff's argument is one for rebuttal, not for excluding the photographs based on some meaningful rule of evidence.  If there is some reason for the photographs to show something more than the damage caused by Plaintiff, and he is able to establish that at trial, it would be rehabilitative in nature.

Here again, the photographs are probative to show that the defendant's reasons for termination were not pretextual; that there was, indeed, damage to the vehicle.  The probative value is not, as plaintiff has asserted, outweighed by its prejudicial effect.  In fact, he has failed to establish precisely how the photographs would be unduly prejudicial.  The arguments made in

his objections alone would not be sufficient to rise to the level of undue prejudice because the photographs will not create in the minds of the jurors some incorrect conclusion or confusion, his argument raises only issues regarding the degree of probative value.

**5.  Defendant's Exhibit 13**.  Plaintiff objects to Exhibit 13 (photos of fuel hat seal) raising the same authentication claim as addressed above, as well as a claim that the photo was taken a year after the subject incident and does not "accurately depict the condition of the vehicle immediately following the alleged incident." Plaintiff's Objections, Doc. No. 33 p. 3.

As to authentication, such will be made at trial in the same manner as argued above.  As to the latter argument, the City of Montgomery intends to offer the photograph to show how the seal should properly be installed and how the assembly is put together, not to show the condition of the part or parts immediately after the problem was discovered.  These photos are of the same vehicle, but are meant to demonstrate to the jury how the properly installed parts appear and how they are assembled.  The photographs are probative to explain 1) why the check engine light may not have come on without the seal in place, 2) and why the seal could not have been easily sabotaged, each being an argument made by the plaintiff in this case in an attempt to show pretext.

**6.  Defendant's Exhibit 14**.  The City of Montgomery will not offer Defendant's Exhibit 14 at the trial of this case.

Respectfully submitted,

                                           __/s/ Wallace D. Mills____
                                           Wallace D. Mills (MIL 090)
                                           Attorney for City of Montgomery

OF COUNSEL:
City of Montgomery Attorney's Office
103 North Perry St., Rm. 200
Montgomery, AL 36104
(334) 241-2050

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of July, 2008, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

> Joseph Charles Guillot, Esq.
> McPhillips Shinbaum LLP
> P.O. Box 64
> Montgomery, AL 36101-0064

and I hereby certify that I have also mailed by United States Postal Service the document to the above-named non-CM/ECF participants:

> /s/ Wallace D. Mills
> OF COUNSEL

PER FORM 32
Revised 10/04

## RECOMMENDATION FOR DISCIPLINARY ACTION

Employee.   Larry Fitzpatrick

Address:   5137 Newbury Lane, Montgomery, AL  36108

Date:   1/13/06

You are herewith notified that I am recommending that you be:

| | |
|---|---|
| ☐ | Suspended for _____ days |
| ☒ | Dismissed |
| ☐ | Demoted from _____ to _____ |

The reasons for this recommendation are: (List all charges - attach additional sheets as required)

See Attached Sheets

See Attached.

Previous Record Considered (Chronological list of prior offenses and action taken)

See Attached Sheets

See Attached.

☒  Transcripts of hearing attached

A hearing will be set by the Appointing Authority to consider this recommendation and the charges. You will be given the opportunity to respond to the recommendation and these charges at this hearing. You will be notified in writing of the hearing date and your rights at said hearing.

_____
Supervisor/Department Head

I hereby certify that this document was given to the employee ~~or placed in the United States mail~~ on

Jan           13,           2006
month        day          year

_____
Supervisor / Department Head

_____
Witness

DEFENDANT'S
EXHIBIT
1

### Recommendation for Disciplinary Action for Larry Fitzpatrick

I have carefully reviewed the witness statements which you provided to me on December 19, 2005, rather than on the original deadline of December 16, 2005.

After this review, I have concluded that the statements do not provide any factual evidence as I requested (i.e. who, what, when or where). The statements merely indicate what each individual thinks or suspects is happening. You have provided me with nothing that proves beyond a shadow of doubt your claim that some person or persons are sabotaging your completed work on vehicles.

I have given you ample time and numerous chances to provide me with any type of factual evidence regarding your contentions that your work is being sabotaged.

After considering the severity and possible consequences of your failure to properly install the rear brake caliper on Police vehicle 6210-2950 as stated in the original charges, coupled with the previous maintenance malpractice actions of November 8, 2004 (failure to install the hat-shaped seal on the fuel tank of Police vehicle 6210-2986) and of the second week of December, 2004 (failure to tighten the wheel lug nuts when replacing the wheel on vehicle 5800-2484, causing the wheel to become loose when the vehicle was operated on the City Lot), any of which could easily have resulted in major damage to City property or worse, serious personal injury/death and your past disciplinary record, I am recommending your termination from employment with the Fleet Management Department and the City of Montgomery.


Terry H. Gaddis, Director
Fleet Management Department

Date

## PREVIOUS RECORD CONSIDERED FOR LARRY G. FITZPATRICK

**Derogatory Information:**

| | |
|---|---|
| 25 October 2004- | Verbal Counseling for inappropriate behavior during incident on City Lot and for insubordination. |
| 29 October 2002- | Five day suspension for failure to begin work immediately after clocking in for duty on or about 18 October 2002, and also on the same day, insubordinate behavior toward his shop superintendent. |
| 4 February 2000 – | Verbal Reprimand by the Director per the Shop Forman's request for failure to give adequate notice per Departmental Operating Instruction #6 for requesting leave to attend son's ball game. |
| 9 April 1999 – | 45-day suspension without pay for 1st violation of the City's Drug Policy (testing positive for an illegal drug, marijuana, as a result of a work related injury by a urine drug screen). |
| 11 March 1999 – | Verbal Counseling by the Director for failure to clock-out when leaving work on 10 March 1999 as per Departmental Operating Instruction #8. |
| 3 October 1996 – | Letter of Reprimand for failure to call in prior to his shift start time to state he would be late for work. |
| 13 October 1995 – | Letter of Counseling for inappropriate conduct in the workplace. |
| 28 September 1995 – | Letter of Counseling for excessive unscheduled absenteeism from work. |
| 19 October 1994 – | Letter of Reprimand for unauthorized use of a City vehicle. |
| 24 January 1994 – | Letter of Reprimand for failure to clock out at the end of his duty shift. |
| 18 March 1991 – | Letter of Reprimand for failure to clock out at the end of his duty shift. |

**Achievement Information**

| | |
|---|---|
| 19 October 2005- | Carquest Training on Enhanced OBD-II Using Mode $06 |
| 24 August 2005- | Carquest Training on Developing Diagnostic Strategies for OBD-II No Starts |

10 December 2003-      Carquest Training on Automatic Transmission Operation

23 February 1999 –     Carquest training on Automotive Electronic Climate Control

1 December 1998 –      Carquest training on GM Engine Management

29 February 1996 –     OEM training on Automotive Heating and Air Conditioning

8 February 1996 –      Letter of Commendation for work of rebuilding the Police
                       Department's floor dolly

29 July 1994 –         Caterpillar Diesel Engine Training

28 December 1993 –  MACS Automotive Air Conditioning Training



PER FORM 30
Revised 10/31/03

## EMPLOYEE COUNSELING RECORD

EMPLOYEE: _LARRY FITZPATRICK_    POSITION: _AUTO MECHANIC_

SUPERVISOR: _Royce Albright_    DEPT: _FLEET MANAGEMENT_

DATE OF COUNSELING: _10/25/04_

REASON FOR COUNSELING: (Description of performance or conduct - give specific facts, background information dates and times.)

_DURING MY INVESTIGATION OF A PARKING LOT INCIDENT MR. FITZPATRICK REFUSED TO ANSWER MY QUESTIONS AND REPEATEDLY TOLD ME IT WAS "NONE OF YOUR BUSINESS" AND WALKED AWAY FROM ME. INSUBORDINATE BEHAVIOR._

Employee's response:

If corrective action is required please specify the nature of the action to be taken by employee and the consequence of further infractions:

_THIS BEHAVIOR IS TOTALLY UNACCEPTABLE AND WILL NOT BE TOLERATED. FUTURE OCCURRENCES WILL BE DEALT WITH MORE HARSHLY._

_____    _10/25/04_
Supervisor                   Date

My signature indicates that the above matters were discussed with me and that I received a copy of this form.

_____    _____
Employee Signature              Date

This will certify that the employee was offered a copy of this form, but refused to sign the Employee Counseling Record.

_____    _____
Supervisor Signature            Employee Name

ATTACH ADDITIONAL SHEETS AS REQUIRED

DEFENDANT'S
EXHIBIT
9
tabbies®









DEFENDANT'S
EXHIBIT

tabbies'

10



DEFENDANT'S
EXHIBIT

_11_









DEFENDANT'S
EXHIBIT
12

5B00-2484

tabbies



tabbies







5800-2484



580-2484



5B00-2484

Front Left Hub

DEFENDANT'S
EXHIBIT
13





