**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| LARRY FITZPATRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  2:07cv528-WHA |
| | ) | (WO) |
| | ) | |
| CITY OF MONTGOMERY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on the parties' motions in limine and objections to exhibits. This Memorandum Opinion and Order addresses the motions in limine and objections primarily to the extent that they concern evidence regarding other employees.

The Defendant has moved in limine to exclude evidence of unnamed comparators, stating that only Johnny Ray Smith was identified as a comparator in the Complaint and that Kenny Smith or other white mechanics ought not be allowed as comparators in the case.

Fitzpatrick responds that the law does not require him to compare himself to only one person.  While the court agrees with that statement of the law generally, Fitzpatrick identified only one white co-employee comparator in responding to the City's Motion for Summary Judgment, and stated in his contentions in the proposed Pre-trial Order, which was entered by the court (Doc. #28), that the comparator in this case is Johnny Ray Smith.  Additionally, having comparators other than Johnny Ray Smith poses a potential for juror confusion which outweighs the probative value of such evidence if the court should conclude as a matter of law at the end of Fitzpatrick's case-in-chief that he has not established a prima facie case of discrimination as to

some, but not other, comparators.  Therefore, Rule 403 provides an alternative basis for excluding evidence of comparators other than Johnny Ray Smith.

Stating that only Johnny Ray Smith is a comparator to Fitzpatrick in this case, however, does not necessarily mean that no evidence regarding other employees will be admitted.  The City has sought to exclude what it has called "pattern and practice" evidence of alleged disparate treatment of other co-employees.  "[A] pattern and practice claim can be brought either 'by the EEOC if there is reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of discrimination ... or by a class of private plaintiffs under 42 U.S.C. § 2000e." *EEOC v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1286 (11th Cir.2000); *Cox v. American Cast Iron Pipe Co.*, 784 F. 2d 1546 (11th Cir. 1986).  That is not the case here, and to the extent he seeks to do so, Fitzpartrick will not be allowed to proceed on a pattern and practice theory. Fitzpatrick also has not produced an expert to allow for the admission of any statistical evidence, and, therefore, cannot proceed on the basis of statistical evidence. *See Osahar v. Carlin*, 642 F. Supp. 448, 455 (S.D. Fla. 1986).

It appears to the court, however, that Fitzpartrick actually seeks to admit what has been referred to as "me too" evidence of discrimination; that is, evidence of alleged discrimination against other employees.  The Eleventh Circuit has admitted  "me too" evidence under Rule 404(b) to prove the intent of an employer to discriminate and retaliate. *Goldsmith v. Bagby Elevator Co., Inc.,* 513 F.3d 1261, 1286 (11th Cir. 2008).  The court has reasoned that because employees were discriminated against by the same supervisor, the experiences of those employees were probative of the decision maker's intent to discriminate. *Id.*  Of course, in this case, it appears that the City has taken the position that an employee's entire disciplinary history

is taken into account in each disciplinary action, so in this case, the point of comparison may be the severity of past discipline, rather than the supervisor who made a disciplinary decision. This is a determination which cannot be made on the basis of the record at this point in the proceedings. Therefore, before Fitzpatrick will be allowed to admit evidence that other African American employees were treated less favorably in regard to disciplinary actions, he will have to first lay an appropriate foundation, outside of the presence of the jury, that the experiences of those employees are probative of an intent to discriminate in this case.

Related to these issues are the parties' motions in limine regarding past disciplinary records of Johnny Ray Smith and Fitzpatrick. While the City wishes to admit Fitzpatrick's entire disciplinary history in an attempt to demonstrate that his more extensive discipline means that he is not similarly-situated to Johnny Ray Smith, the City also seeks to exclude portions of Johnny Ray Smith's disciplinary history on the grounds of relevance and undue prejudice. Because Johnny Ray Smith is the comparator pointed to by Fitzpatrick, and because the City's position is that it follows a progressive discipline policy, the disciplinary history of both Fitzpatrick and Smith is relevant, and probative to the extent that any danger of unfair prejudice does not substantially outweigh the probative value. The full disciplinary histories of both will be admitted.

Finally, Fitzpatrick has moved in limine to exclude, and has objected to, Defendant's Exhibit 14, which is a videotape demonstrating installation for rear brake calliper. In response to Fitzpartrick's motion and objection, the City states that it will not seek to admit this exhibit.

For the reasons discussed above, it is hereby ORDERED as follows:

1. The Defendant's Motion in Limine (Doc. #29) and Objections (Doc. #30) are

GRANTED and SUSTAINED as to comparator evidence of any comparators other than Johnny Ray Smith.  The motion (Doc. #29) and objections (Doc. #30) are DENIED as to evidence of Smith's disciplinary history (Plaintiff's Exhibits #'s 35 and 36).  The Motion in Limine (Doc. #29) is GRANTED as to alleged disparate treatment of other African American employees to the extent that the Plaintiff is not to refer to such evidence without first taking it up with the court outside the presence of the jury.

     2.  The Plaintiff's Motion in Limine (Doc. #32) and Objections (Doc. #33) are DENIED as to evidence of Fitzpatrick's disciplinary history (Plaintiff's Exhibits #'s 1 and 6).  The Plaintiff's Motion in Limine (Doc. #32) and Objections (Doc. #33) are GRANTED and SUSTAINED as to Defendant's Exhibit 14, and any evidence regarding a videotape demonstrating installation of a brake calliper, which the Defendant states it does not intend to offer.

     All other aspects of the pending motions in limine and objections to exhibits will be ruled on by separate Order.

     Done this 5th day of August, 2008.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE