IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LARRY FITZPATRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  2:07cv528-WHA |
| | ) | (WO) |
| | ) | |
| CITY OF MONTGOMERY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This cause is before the court on the aspects of the Defendant's Motion in Limine (Doc. #29) and Objections (Doc. #30) and the Plaintiff's Motion in Limine (Doc. #32) and Objections (Doc. #33) which were not previously ruled on by the court.

The City objects to the admission by findings by the EEOC, contained in Plaintiff's Exhibit 12,  that there was cause to believe that Fitzpatrick was a victim of race discrimination and retaliation.  The court is aware that a determination by the EEOC can be admissible evidence.  *See Goldsmith v. Bagby Elevator Co., Inc.,* 513 F.3d 1261, 1288 -1289 (11th Cir. 2008).   The determination of whether to admit findings by the EEOC, however, is left to the sound discretion of the district court. *Id.*  The Eleventh Circuit has explained that in deciding whether EEOC reports should be admitted, the district court may be guided by such considerations as whether the report contains legal conclusions in addition to its factual content, whether the report raises questions of trustworthiness under Rule 803(8)(c), and whether it presents problems cognizable under Rule 403.  *Barfield v. Orange County,*  911 F.2d 644, 651 (11th Cir. 1990).  Plaintiff's Exhibit 12 contains legal conclusions, does not reflect the extent of

any investigation so as to indicate its trustworthiness and, because there is no indication from the report that the EEOC took into account the progressive discipline policy of the City, poses a danger of unfair prejudice and jury confusion which substantially outweighs its probative value. Plaintiff's Exhibit 12, the Letter of Determination from the EEOC is, therefore, due to be excluded.

The court, however, does not reach the same result with respect to Plaintiff's Exhibit 3, the negotiated settlement agreement mediated by the EEOC. The City has objected to this exhibit as hearsay, irrelevant, and unduly prejudicial under Rule 403.

Fitzpatrick says that this agreement followed an earlier EEOC complaint regarding race discrimination and was entered into after two of the alleged maintenance negligence occurrences at issue in this case had occurred. He states that because he was terminated ostensibly because of two incidents which were the subject of this settlement agreement, the agreement is proof that the reason given for his termination is pretext. Fitzpatrick states that the Defendant's agents signed the agreement so that they can verify its authenticity. Fitzpatrick says that the probative value of the agreement is high because it shows that the agreement was after two of three of the maintenance issues were resolved.

Because the City relied on infractions which occurred prior to the settlement agreement in terminating his employment, Fitzpatrick will be allowed to ask the jury to draw a reasonable inference from evidence that the City had already settled those disputes in arguing that the reason for his termination was pretextual. The City is free to argue that no inference of pretext should be drawn from the settlement. As evidence of the fact of the timing of the infractions and the previous agreement, the document also is not hearsay, or is an admission, and not due to be

excluded as hearsay. The court, therefore, will allow the admission of Plaintiff's Exhibit 3. The jury will be instructed that it can only be considered on the issue of whether the City's stated reason for Fitzpatrick's termination was a pretext for intentional racial discrimination.

The City has moved to exclude Plaintiff's Exhibit 19 which is technical certificates possessed by Fitzpatrick. The City objects on the basis of hearsay. Fitzpatrick has not demonstrated that this evidence meets a hearsay exception. He was ostensibly fired for poor work performance, but there is no contention in the case that he was not qualified for his position. Any probative value of this evidence, therefore, is substantially outweighed by danger of confusion of the issues and this evidence is due to be excluded. This does not prohibit Fitzpatrick from testifying as to his technical training.

The City objects to Fitzpatrick's evidence of what it calls an unidentified expert, that is evidence through psychological records, Plaintiff's Exhibit 21, regarding Fitzpatrick's treatment for psychological problems. The City states that no expert has been identified for the purpose of giving an opinion on Fitzpatrick's mental state. The City objects to the records as hearsay because there is no witness listed who could provide foundation for a business record exception, and that the records themselves would seek to admit an expert opinion.

Fitzpatrick responds that he does not seek to have any expert testify, but he does seek to admit certified copies of records of psychological treatment which he has received. Fitzpatrick states that he will testify that the need for treatment was caused by the City.

Local Rule 45.2 of the Middle District of Alabama allows for hospital records to be used in this court in accordance with *Ala. Code* § 12-21-5. Fitzpatrick's Exhibit 21 includes a certification of records. The remaining issue with regard to admissibility, therefore, is whether

the records are admissible without expert opinion as to the causation of the conditions for which Fitzpatrick received treatment.

A plaintiff can recover for emotional distress damages under Title VII through the plaintiff's own testimony. *See Ferrill v. Parker Group, Inc*., 168 F.3d 468, 476 (11th Cir. 1999). In reviewing jury awards for emotional distress, some courts in this circuit examine evidence of corroboration. *See, e.g., Bernstein v. Sephora, Div. of DFS Group L.P.*, 182 F. Supp. 2d 1214, 1227 (S.D. Fla. 2002). Consequently, while Fitzpatrick may not need the medical records to support a claim of emotional distress, the court cannot conclude such records are irrelevant. To prevent the records from being unduly prejudicial or confusing to the jury, however, the court will admit them with a limiting instruction that the jury is not to consider the records as evidence of causation, but only as corroboration that Fitzpatrick sought and received the treatment for the conditions reflected in the records. In addition, before offering Plaintiff's Exhibit 21, Fitzpatrick must redact the reference on page 11 to the outcome of his case before the EEOC, for the reasons set forth above.

Fitzpatrick objects to the City's introduction of photographs which the City alleges are of the faulty repairs at issue in this case, which include Defendant's Exhibits 9, 10, 11, 12, and 13. He states that none of the photographs have been properly authenticated. He further contends that during the 2006 City-County Personnel Board Hearing, Albright testified that the photographs in Exhibits 12 and 13 were taken a year after the incidents alleged by the City.

The City states that it can authenticate the photographs and that this evidence goes to the heart of the case because it shows that the damage was real, and the reason for termination not fabricated. The City further states that if Fitzpatrick has evidence that something may have

happened before the photographs were take to change the way the damage appears, that is the proper subject for cross-examination.

The photographs demonstrate the faulty repairs which the City contends were done by Fitzpatrick and are, therefore, highly probative. Upon proper authentication, they will be admitted. The objections go to the weight of the evidence, and are subjects for cross examination. The court finds that the probative value is not substantially outweighed by the danger of jury confusion or undue prejudice under Rule 403.

The City seeks to exclude evidence that there was tampering with other employees' repair work, stating that the evidence is too remote under Rule 402 to be probative of why Fitzpatrick's work may have been tampered with, and is not relevant to the proffered reason for Fitzpatrick's termination because it contains no nexus to the problems for which Fitzpatrick was terminated.

Fitzpatrick responds that management officials' knowledge of tampering claims, and their failure to take action or even consider these tampering claims in the decision to take disciplinary action is relevant as to the motives of management officials and to show that the reasons for his termination are pretext. He contends that he was not responsible for the faulty repairs, and that they must have been done by someone else. The court concludes, therefore, that the relevance objection to this evidence is not well-taken.

The City has moved to exclude various memos and letters, including Fitzpatrick's response to disciplinary charges which is a part of Exhibit 6, and Fitzpatrick's written statement concerning the brake caliper incident, which is Plaintiff's Exhibit 9. The City has also objected to memos and letters written by Robert Shuford and Rodney Hardy on the basis of hearsay and

as containing hearsay within hearsay. These exhibits appear to include aspects of Exhibit 6, but also appear to include Plaintiff's Exhibits 23 through 28.

The court has previously determined that Exhibit 6 is admissible as part of Fitzpatrick's disciplinary history. The portions of Exhibit 6 which contain written statements by Fitzpatrick and other employees and are referred to in the Recommendation for Disciplinary Action are admissible as part of that business record. Other letters and memos by Robert Shuford and Rodney Hardy, however, which are not part of Plaintiff's disciplinary record would not meet that exception and are due to be excluded as hearsay. At this time, the court cannot discern which of the Plaintiff's Exhibits, consisting of memos or letters, were part of Fitzpatrick's personnel file. Therefore, Fitzpatrick will be required to lay appropriate foundation for these documents outside of the presence of the jury before they are admitted.

The City objects to Plaintiff's Exhibit 20, which is a statement showing the amount of pension contributions by Fitzpatrick, as being hearsay. Fitzpatrick states that the document is a print out from the City's retirement records showing his withdrawal of retirement savings and so is a public record. The court will hear argument on the admissibility of this document before it is admitted, and the Plaintiff is not to refer to it in front of the jury before that time.

The City objects to Plaintiff's Exhibit 37 which is the job application and resume of Royce Albright, Plaintiff's supervisor, as hearsay and as irrelevant. Even if the foundation were laid for this document to be admitted as a business record, the court is unclear at this point in the proceedings what the relevance of this evidence is. Fitzpatrick is not to refer to this exhibit without first taking it up with the court outside of the presence of the jury .

The City finally objects to Plaintiff's Exhibit 38, which is identified as an audio tape of

conversations between Eugene Knox, Roy Wilson, and Donald White, on the basis of hearsay. Fitzpatrick states that the tape was made by Knox during an investigation of racially discriminatory actions. The audiotape purportedly contains comments of unfair treatment of black employees, including Fitzpatrick. The court has not heard the tape.

Tape-recorded conversations during an investigation of employment discrimination can be admissible. *See Hill v. Manning*, 236 F. Supp. 2d 1292 (M.D. Ala. 2002). The conversation must be authenticated and if the statements are made by parties, the statements can be admissions and not hearsay. If authentication is accomplished by Knox, and the statements are constitute admissions, the tape may be admissible. Until the court verifies that the statements on the tape constitute admissions, however, the court cannot rule on this objection.

Accordingly, it is hereby ORDERED as follows:

1. Defendant's Motion in Limine (Doc. #29) and Objections (Doc. #30) are GRANTED and SUSTAINED and the following evidence is excluded from trial:

    a. Plaintiff's Exhibit 12, January 2007 Letter of Determination by the EEOC.

    b. Plaintiff's Exhibit 19, technical certificates of Larry Fitzpatrick.

2. Defendant's Motion in Limine (Doc. #29) and Objections (Doc. #30) are DENIED and OVERRULED as follows:

    a. Plaintiff's Exhibit 3, Negotiated Settlement Agreement mediated by the EEOC.

    b. Testimony as to vehicle tampering.

    c. Plaintiff's Exhibit 21, except that the exhibit will be admitted with a limiting instruction and the Plaintiff is DIRECTED to redact reference to the outcome of his EEOC charge.

    3.  The Plaintiff's Motion in Limine (Doc. #32) and Objections (Doc. #33) are DENIED and OVERRULED as to Defendant's Exhibits 9, 10, 11, 12 and 13, photographs of repairs.

    4.  The court holds in abeyance ruling on objections to Plaintiff's Exhibit 2, 9, 20, 23-28, 37, and 38, until foundation is laid for those exhibits as described above.

    Done this 7th day of August, 2008.

                                          /s/ W. Harold Albritton
                                          W. HAROLD ALBRITTON
                                          SENIOR UNITED STATES DISTRICT JUDGE