IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY FITZPATRICK, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.:2:07-CV-528 |
| ) | |
| CITY OF MONTGOMERY, ALABAMA, ) | |
| Defendant. ) | Date: August 11, 2008 |

FILED
AUG 11 2008
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.
@ 11:20 a.m.

### PLAINTIFF'S MEMORANDUM FOR THE COURT

COMES NOW the Plaintiff, and presents this memorandum to this Court regarding the matter of witnesses testimonies about discrimination they have suffered or observed. According to this Court's Memorandum Opinion and Order, dated August 5, 2008, before the Plaintiff will be allowed to admit evidence that other African American employees were treated less favorably in regard to disciplinary actions, he will have to first lay an appropriate foundation, outside the presence of the jury, that the experiences of those employees are probative of an intent to discriminate in this case.

Evidence of the habit of a person or the routine practice of an organization is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice. Rule 406, Fed.R.Evid. Additionally, evidence of other wrong or acts may be admissible to show proof of motive or intent. Rule 404(b), Fed.R.Evid.

Further, the Eleventh Circuit, in *Goldsmith v. Bagby Elevator*, 513 F.3d 1261, 1286 (11 Cir. 2008), stated that the experiences of coworkers, who were disciplined by the same supervisor, are probative of the supervisor's intent to discriminate. Therefore, the Plaintiff's witnesses should be allowed to present testimonies concerning the disciplinary actions against them by the same supervisors in this case, namely Royce Albright and Terry Gaddis, because said experiences are probative of said supervisors' intents to discriminate against the Plaintiff.

In an effort to expedite the process of laying an appropriate foundation, the Plaintiff's intends to present witnesses' testimonies regarding discrimination they suffered or observed, as follows:

1. **Robert Shuford** is a master mechanic and a supervisor at the City Garage. He was Larry Fitzpatrick's immediate supervisor while Fitzpatrick worked for the City. Mr. Shuford will testify that he was suspended 25 days, following his testimony at the mayor's level hearing, for failure to properly supervise. This suspension was given by Mr. Terry Gaddis, who recommended the disciplinary action against Mr. Fitzpatrick. Mr. Shuford has his own lawsuit for retaliation against the City of Montgomery for this action.

As a supervisor, Mr. Shuford also knows about disciplinary actions taken against other employees by Royce Albright and/or Terry Gaddis, that show racial animus toward black employees. Those employees are:

- **Donald White.** Mr. Shuford knows that Mr. White, who is black, was written up for clocking in late. Mr. William Pierce and Mr. Donald Knight, who are white, clocked in late but were not disciplined.

- **Carl Lewis.** Also, regarding clocking in, Mr. Shuford can testify that Carl Lewis, who is black, was written up five times, but he did not even know it.

- **Greg Johnson.** Mr. Shuford also knows that Mr. Johnson, who is black, was suspended for ten days for asking question in a meeting that was held by Mr. Albright. Mr. Kenneth Barnes cursed during that same meeting and received no discipline.

- **Larry Fitzpatrick.** Mr. Shuford knows that Mr. Fitzpatick was verbally reprimanded by Mr. Albright for eating on duty. Mr. Donald Knight, who is white, eats while on duty and he is not disciplined. Mr. Shuford is also aware of all of the maintenance negligence issues alleged by Albright and Gaddis against Mr. Fitzpatrick.

- **Jerry Young.** Mr. Shuford knows about an incident involving Mr. Young and Mr. Albright wherein Albright took a piece of trash from a vehicle, referred to as a "gator," threw it on the floor and ordered Young to pick it up. White co-worker, William Pierce, who was responsible for the gator, was not ordered to pick up the trash. When Young refused, he was disciplined.

Mr. Shuford also knows that Donald White and Rodney Hardy (black) have to test drive with a master mech. Johnny Ray Smith, Steve Stamps, Ken Smith, and Thomas McLeod, all of whom are white, are allowed to test drive alone.

2. **Rodney Hardy.** Mr. Hardy, who is black, can testify that, when he was late to clock in, he was written up by Mr. Albright. William Pierce and Donald Knight, who are white, were not disciplined.

Mr. Hardy was also treated in a discriminatory manner when he was cited for making errors on a vehicle with brake line problem, while Steve Stamps did the same thing, but he was not disciplined.

Mr. Hardy can also testify that he was accused of leaving parts in a wheel of a Ford Taurus and was disciplined. Mr. Johnny Ray Smith, who is white, repaired the wheel, but it came back with the wheel so hot, Mr. Albright it had to be cooled with water.

Mr. Hardy can also testify to other maintenance errors by Johnny Ray Smith. All of these show that Mr. Albright and Mr. Gaddis treat blacks more harshly in disciplinary matters.

Finally, Mr. Hardy also knows that blacks have to have a master mechanic with them to test drive, while white employees, Johnny Ray Smith, Steve Stamps and Ken Smith, can test drive alone.

3. **Jerry Young.** Mr. Albright took a piece of trash from a vehicle, threw it on the floor and ordered Young to pick it up. White co-worker, William Pierce, who was responsible for the gator, was not ordered to pick up the trash. When Young refused, he was disciplined.

4. **Greg Johnson.** Mr. Johnson, who is black, was suspended for ten days, by Mr. Albright, for asking a question in a meeting. Mr. Kenneth Barnes cursed during that same meeting and received no discipline.

    Mr. Johnson can also testify that he has been denied promotions on four occasions after the incident.

    He can also testify that white mechanics are not required to have a mechanic along to test drive vehicles, but black mechanics have to have a supervisor to do a test drive.

    He also knows of Rodney Hardy's suspension for the Ford Tauras wheel incident, whereas Johnny Ray Smith was not suspended.

    Mr. Johnson is also aware of a white mechanic named Billy who was not disciplined following a loose wheel incident, similar to the incident alleged against Mr. Fitzpatrick.

5. **Donald White.** Mr. White can testify that he was disciplined following an incident involving a transmission wiring harness, whereas Roy Wilson, who is white, was not disciplined even though he was aware of Mr. White's actions regarding the harness.

    Mr. White can also testify that white mechanics are not required to have a mechanic along to test drive vehicles, but black mechanics have to have a supervisor to do a test drive.

The foregoing considered, the Plaintiff should be allowed to present testimony noted above to show that the supervisory officials, Royce Albright and Terry Gaddis, were motivated by racial bias in their treatment of black employees and would likely have acted in the same manner with regard to Mr. Fitzpatrick.

Respectfully Submitted, this 11th day of August, 2008.

_____
JOSEPH C. GUILLOT (GUI011)

OF COUNSEL:
**McPHILLIPS, SHINBAUM & GILL, L.L.P.**
516 South Perry Street
Post Office Box 64
Montgomery, Alabama
(334) 262-1911

## CERTIFICATE OF SERVICE

I hereby certify that this 11th day of August, 2008, I have hand delivered the foregoing to the following Counsel for the Defendant:

Wallace Mills, Esq.
City of Montgomery Attorney's Office
103 N. Perry Street, Room 200
Montgomery AL 36104

OF COUNSEL